Charles F. DUNBAR, Pagoda Electric, International Brotherhood of Electrical Workers, Local Union No. 654, James B. Hanley, Ronald Jones, Timothy McCarthy, David Musselman, Jason Tucker and Ryan Wheeler, Appellants

v.

DOWNINGTON AREA SCHOOL DISTRICT.

Commonwealth Court of Pennsylvania.

Argued June 5, 2006.

Decided June 30, 2006.

Claiborne S. Newlin, Philadelphia, for appellants.

Susan C. Mangold, West Chester, for appellee.

BEFORE: COLINS, President Judge, and PELLEGRINI, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

Charles F. Dunbar, Pagoda Electric, International Brotherhood of Electrical

Workers, Local Union No. 654, James B. Hanley, Ronald Jones, Timothy McCarthy, David Musselman, Jason Tucker and Ryan Wheeler (Appellants) appeal from an order of the Court of Common Pleas of Chester County (trial court), dated November 10, 2005, which denied Appellants' petition for preliminary injunction. Appellants had sought a preliminary injunction to prevent Downington Area School District (the District) from entering into a construction contract with Leer Electric, Inc. (Leer) in violation of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 1–101–27–2702 (the Code). We now affirm.

On July 19, 2005, the District publicly advertised for bids on proposed electrical construction work on a project named "Additions and Alterations to West Bradford Elementary School" (the Project). (R.R. at 18a). The cost of the Project exceeded $10,000.00, including labor and materials, placing it within the bidding requirements of Section 7–751 of the Code, 24 P.S. § 751. On August 31, 2005, Leer submitted a bid in the amount of $1,019,500. Bids were opened on September 8, 2005. On September 9, 2005, Leer was identified as the lowest bidder, after another bidder withdrew its bid. In the bid submitted by Leer, Leer: (1) denied filing any lawsuits with regard to a construction contract within the past five years; (2) denied having any claims, disputes or other legal actions with any school district of the Commonwealth of Pennsylvania within the last ten years; and (3) denied having been involved as a named party in any lawsuits in the last ten (10) years. (R.R. at 26a, 30a, 31a). Nevertheless, the docket of the Court of Common Pleas of Lancaster County indicates that Leer filed suit in November, 2003, against the Lampeter–Strasburg School District, which suit was settled in January, 2005. (R.R. at 194a).

On or about September 14, 2005, Daniel Rafter, an organizer for International Brotherhood of Electrical Workers, Local 654, informed the District that Leer had failed to disclose lawsuits in its bid submission as required by the bidding instructions. (R. 160a). Two weeks later, Mr. Rafter provided documentation that Leer had filed a lawsuit against Lampeter–Strasburg School District. (R.R. at 161a–163a). Based upon the failure to disclose the lawsuit, Mr. Rafter requested that Leer's bid be disqualified. (R.R. at 164a). The District postponed the award of the contract to Leer and investigated the matter.

The District's solicitor contacted the Lampeter–Strasburg School District and learned that the suit merely involved some work that may have "fallen between the cracks" of the electric contract and another contractor. (R.R. at 180a–181a). There was no issue with the quality of Leer's work or the failure of Leer to complete any task on the Project. Id. The claim was settled and the lawsuit was dismissed in January, 2005. (R.R. at 205a–206a, 194a). The District's solicitor was satisfied with the investigation. The District was informed of the results of the investigation and concluded that the omission was an immaterial defect as it did not reflect on the ability of Leer to complete the Project. (R.R. at 186a–187a). The bid documents gave the District the right to waive informality or irregularity in the bids and in the bidding. (R.R. at 187a).

On October 5, 2005, the District awarded the contract to Leer and work commenced immediately thereafter. (R.R. at 204a). The District informed Appellants of the same. (R.R. at 165a, 186a). On October 7, 2005, counsel for Appellants wrote to the District and informed it that they planned to file for an injunction blocking the award to Leer. (R.R. at 102a). Appellants re-

quested that the District not proceed with the Project until the trial court had an opportunity to rule on its request for an injunction. *Id.* Instead, the District signed a contract with Leer and directed Leer to commence work. (R.R. at 188a).

Appellants filed an action with the trial court on November 3, 2005, and requested that a preliminary injunction be granted. The action sought to enjoin the District from contracting and/or rescind the contract with Leer for the Project. A hearing was held on November 10, 2005, after which the trial court entered an order denying the preliminary injunction.

Appellants filed a motion for reconsideration on November 16, 2005, which was denied on December 8, 2005. On December 7, 2005, Appellants filed a notice of appeal from the trial court's order dated November 10, 2005. On December 9, 2005, the trial court entered an order (the Rule 1925(b) Order) directing Appellants to file, within fourteen (14) days, a concise statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

According to an affidavit filed on behalf of Appellants by Claiborne S. Newlin, Esquire, the Appellants were represented before the trial court by Mr. Newlin of Meranze and Katz, P.C., and John F. Yaninek, Esquire, of Mette Evans and Woodside. Mr. Newlin contends he was "lead counsel," and he was to take responsibility for handling an appeal. To that end, Mr. Newlin filed a notice of appeal with the trial court. The Chester County Prothonotary's Office (the Prothonotary's Office) mailed the Rule 1925(b) Order to Mr. Newlin's old mailing address (Meranze and Katz, P.C., 1200 Lewis Tower Building, Philadelphia, PENNSYLVANIA 19102), from which Mr. Newlin's firm had moved on October 1, 2004. All the pleadings, motions, correspondence and other documents filed with the trial court bore Meranze and Katz's present address of 121 South Broad Street, 13th Floor, Philadelphia, PENNSYLVANIA 19107. The United States Postal Service ceased forwarding mail addressed to the firm at the Lewis Tower Building on September 30, 2005. Mr. Newlin became aware in late November, 2005, that the Prothonotary was mistakenly using the old mailing address. Mr. Newlin wrote to the Prothonotary on December 1, 2005, requesting that the address be updated. However, the address was not updated until well-after the Rule 1925(b) Order was mailed.

The trial court issued an opinion on January 5, 2006, stating that, because no statement of matters complained of on appeal had been filed by Appellants, no issues had been preserved for appeal. Upon receiving the opinion on January 9, 2006, Mr. Newlin contacted the Prothonotary's Office and learned that his firm's address had not been updated until December 27, 2005. Mr. Newlin received a copy of the Rule 1925(b) Order from the trial court on January 10, 2006. On January 13, 2006, Appellants filed a petition to amend the trial court's order by extending the deadline for compliance.

By supplemental order dated February 1, 2006, the trial court declined to amend its Rule 1925(b) Order, but it issued a supplemental opinion to nonetheless address the merits of the issues raised on appeal in the event this Court reaches the merits of the appeal. As to the merits, the trial court opined as follows:

> A preliminary injunction is to be granted only when and if each criterion therefore has been fully and completely established. Those criteria which the moving party must establish are: (1) that the relief is necessary to prevent immediate and irreparable harm which cannot be compensated by damages; (2)

that greater injury will occur from refusing the injunction than from granting it; (3) that the injunction will restore the parties to the status quo as it existed immediately before the alleged wrongful conduct; (4) that the alleged wrong is manifest, and the injunction is reasonably suited to abate it; and (5) that the plaintiff's right to relief is clear.... Because one of the elements which the moving party must establish is that 'his right to relief is clear,' it is of course necessary that the moving party be able to show that he has a reasonable likelihood of success on the merits. In this case, we are not satisfied that [Appellants] are likely to ultimately prevail on the merits and, in no small measure because of the delay in filing suit, restoration of the parties to status quo ante is impractical.

(Supplemental Trial Court opinion at 3, attached to Appellants' brief at Appendix "B"). Based upon those reasons, the trial court denied the request for relief. The trial court explained that the District was satisfied that the lawsuit in question did not implicate the quality of Leer's work and did not give Leer any competitive advantage over other bidders. Hence, the District had the discretion to waive the defect, and it is unlikely that Appellants will prevail on the merits. Additionally, the trial court explained that Appellants delayed too long in filing their action and requesting an injunction, and, therefore, greater injury will occur from granting the injunction than from refusing it and that no injunction can restore the parties to the status quo as it existed immediately before the alleged wrongful conduct.

On appeal,[1] Appellants argue that the trial court erred in concluding that they waived all issues on appeal when they failed to file a statement of matters complained of within the time period set forth in the Rule 1925(b) Order due to the order being mailed to counsel's old mailing address. Appellants further argue that the trial court erred when it concluded that Appellants failed to demonstrate a reasonable likelihood of success on the merits where Leer failed to submit a valid bid under Section 7–751 of the Code and where the failure to disclose a prior construction law suit against a school district is a material and non-waivable defect. Finally, Appellants argue that the trial court erred when it concluded that greater injury would not stem from denying an injunction than from granting one where the District directed Leer to commence work after notice that an action for a preliminary injunction would be filed.

Before addressing the merits of Appellants' claims, we must decide whether they are waived or properly preserved for appellate review. Pennsylvania Rule of Appellate Procedure 1925(b) provides as follows:

**Direction to file statement of matters complained of.** The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after the entry of such order. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

---

1. An order granting or denying preliminary injunctive relief is subject to limited appellate review, with the Court ascertaining only whether the trial court's action had any "apparently reasonable basis." *City of Philadelphia v. District Council 33, AFSCME,* 528 Pa. 355, 362, 598 A.2d 256, 259 (1991).

The Supreme Court, in *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998), interpreted Rule 1925(b) as establishing a clear rule for waiver by stating that any issues not raised in a court-ordered Rule 1925(b) statement will be considered waived on appeal. *Commonwealth of Pennsylvania v. Douglas,* 835 A.2d 742 (Pa.Super.2003). The Supreme Court in *Lord* also made it clear that the failure to file a timely 1925(b) statement as ordered by the trial court shall constitute a waiver of all issues for purposes of appellate review. *Great Valley School District v. Zoning Hearing Board of East Whiteland Township,* 863 A.2d 74 (Pa.Cmwlth.2004), *petition for allowance of appeal denied,* 583 Pa. 675, 876 A.2d 398 (2005). However, as discussed in *Forest Highlands Community Association v. Hammer,* 879 A.2d 223, 227 (Pa.Super.2005), "there are caveats to a finding of waiver," which are as follows:

> First, the trial court must issue a Rule 1925(b) order directing an Appellant to file a response within fourteen days of the order. Second, the Rule 1925(b) order must be filed with the prothonotary. Third, the prothonotary must docket the Rule 1925(b) order and record in the docket the date it was made. Fourth, the prothonotary shall give written notice of the entry of the order to each party's attorney of record, and it shall be recorded in the docket the giving of the notice.

*Forest Highlands,* 879 A.2d at 227. If any of the procedural steps set forth above are not complied with, the appellant's failure to act in accordance with Rule 1925(b) will not result in the waiver of issues on appeal. *Forest Highlands.*

The Supreme Court addressed this issue at length in *Commonwealth v. Hess,* 570 Pa. 610, 810 A.2d 1249 (2002). It stated that "the clerk of courts has a mandatory duty to furnish copies of the order to each party or their attorney." *Hess,* 570 Pa. at 615, 810 A.2d at 1253. The Supreme Court concluded that an appellant could not be penalized for failing to file timely a statement of matters complained of on appeal when counsel for the appellant did not receive a copy of the order requiring appellant to do so. The Supreme Court noted in *Hess* that the attorney filed an affidavit stating that the order had not been served upon him, and two of his co-workers filed affidavits that they had searched the files and were unable to locate such order. Additionally, counsel for the Commonwealth filed a similar affidavit, stating that a search of its files revealed that the order was not served on the Commonwealth. Finally, certain deficiencies in the clerk of court's recording of notice on the docket sheet demonstrated that counsel was not served with notice of the trial court's Rule 1925(b) order. The Supreme Court opined that given the totality of the evidence showing that the appellant did not receive proper notice of the 1925(b) order, the Superior Court erred in applying the strict waiver rule set forth in *Lord.* The Supreme Court stressed that its decision "in no way suggests that a party's failure to file a Rule 1925(b) statement will be excused based merely upon bald allegations that the party did not receive a 1925(b) order." *Hess,* 570 Pa. at 619, 810 A.2d at 1255, n. 9.

Our Court considered this issue in *Great Valley School District.* In that case, a zoning hearing board denied an application for a variance and special exception. The trial court reversed, and neighboring property owners appealed to this Court. During the proceedings before the trial court, the neighboring property owners were represented by John E. Good, Esquire. However, their notice of appeal was filed with the trial court by Marc D. Jonas, Esquire, who had not been involved in any of the pro-

ceedings before the trial court and who had not entered an appearance. Moreover, Mr. Good had not withdrawn his appearance. Docket entries indicated that copies of the Rule 1925(b) order issued by the trial court required Mr. Jonas to file a concise statement of matters complained of. However, the docket did not indicate that the Rule 1925(b) order was served on Mr. Jonas. Rather, the docket indicated that it was served on Mr. Good as well as all counsel of record. Both Mr. Jonas and Mr. Good filed affidavits stating that they had not received the Rule 1925(b) order. Because the neighboring property owners did not file a timely statement, the trial court concluded that they had waived their issues for purposes of appellate review. This Court, noting an attorney's obligation to the Court to discharge his duties with candor and great care, accepted the attorney's explanations that they had not received a copy of the Rule 1925(b) order. Under the circumstances, this Court concluded that the failure to file a concise statement of matters complained of on appeal did not result in waiver.

 In the case *sub judice*, Appellants argue that they have not waived the issues on appeal. The Rule 1925(b) Order was never served on Appellants' counsel, Mr. Newlin. Rather, the Prothonotary's Office mailed the order to the wrong address. Having not received the order, and having promptly filed the required statement of matters complained of once Mr. Newlin had notice of the Rule 1925(b) Order, Appellants assert that they have preserved their issues on appeal. To the contrary, the District argues that waiver should apply to the case at hand. It points out that the docket reflects that a copy of the Rule 1925(b) Order was mailed to Mr. Yaninek, who is also counsel of record for Appellants. The District argues that simply because Appellants' one attorney did not

receive the Rule 1925(b) Order does not justify in any way the failure of Appellants' other counsel to preserve any issues for appeal.

While Appellants' counsels of record could have been more conscientious about communicating between themselves regarding the appeal, the Prothonotary's office is not without blame in this procedural matter. The Prothonotary's office continued to mail items to an expired address for an extended period of time after receiving notice of the change of address. As a result, counsel responsible for filing an appeal did not receive the 1925(b) Order until after the trial court issued an order stating that no issues had been preserved for appeal. Given that the Prothonotary's office did not properly serve the order, and, therefore, did not comply with the requirements discussed in *Forest Highlands*, Appellants should not be punished with the harsh sanction of waiver. Therefore, we must conclude that the issues are not waived and that Appellants have properly preserved the issues raised on appeal to this Court.

Having concluded that Appellants did not waive their issues for purposes of appeal, we will now address Appellants' argument that the trial court erred when it concluded that Appellants failed to demonstrate a reasonable likelihood of success on the merits.

 It is well-settled that "specifications set forth in a bidding document are mandatory and must be strictly followed for the bid to be valid." *March v. Downingtown Area School District*, 775 A.2d 876, 878 (Pa.Cmwlth.2000). The Supreme Court has required strict compliance with bid instructions. Bid instructions are a material part of the contract between the parties, and bidders must comply with them. *Smith v. Borough of East Stroudsburg*, 694 A.2d 19 (Pa.Cmwlth.1997), *peti-*

*tion for allowance of appeal denied,* 549 Pa. 731, 702 A.2d 1062 (1997). A contract awarded in a competitive bidding process must be overturned if the mandatory requirements in the bid instructions are not strictly followed. *Smith; Kimmel v. Lower Paxton Township,* 159 Pa.Cmwlth. 475, 633 A.2d 1271 (1993), *petition for allowance of appeal denied,* 538 Pa. 617, 645 A.2d 1320 (1994). The mandatory requirements exist to invite competition and to guard against favoritism, improvidence, extravagance, fraud and corruption in the award of municipal contracts. *See Conduit and Foundation Corporation v. City of Philadelphia,* 41 Pa.Cmwlth. 641, 401 A.2d 376 (1979). "[F]airness lies at the heart of the bidding process, and all bidders must be confronted with the same requirements and be given a fair opportunity to bid in free competition with each other." *Shaeffer v. City of Lancaster,* 754 A.2d 719, 723 (Pa.Cmwlth.2000). A bidder is not permitted to correct a defective bid once the bids have been opened. *Kimmel.* However, "courts will not review the discretionary acts of governmental bodies in the absence of bad faith, fraud, capricious action or abuse of power." *March,* 775 A.2d at 878.

The Supreme Court has held that a school district has the discretion to waive minor bid defects that do not materially undermine the bidding process. *Gaeta v. Ridley School District,* 567 Pa. 500, 788 A.2d 363 (2002). In evaluating materiality, the Supreme Court has directed that a reviewing court must examine whether the waived defect would undermine assurance of contract performance and whether the waived defect would advantage the bidder in relation to other bidders. *Gaeta.*

■ Appellants take the position that Leer did not comply with the District's bid instructions in that, in three separate places, Leer provided false and misleading responses to questions on the qualification statement relating to lawsuits. Appellants contend that the trial court based this determination on its belief that the District had the discretion to waive Leer's failure to disclose the prior litigation against a Pennsylvania school district. They further take the position that the "deceptive bid" undermined the District's assurance of performance according to contract specifications by placing it in the position of contracting with a bidder who might attempt to use litigation to drive up the price of its contract or otherwise delay the Project. The deceptive bid also undermined the bidding process by placing bidders that candidly admit detrimental information at a competitive disadvantage to a deceptive bidder. Appellants argue that since, as a matter of law, the District could not permit Leer to correct its bid once the bids were open and also could not waive its deception, the trial court based its evaluation of Appellants' likelihood of success on the merits upon a misapprehension of the law. Appellants point to *March* for the proposition that the failure to disclose a lawsuit is a material and non-waivable defect. Since the trial court's belief is inconsistent with legal precedent, the trial court's determination that Appellants were not likely to succeed on the merits is an abuse of discretion and cannot stand.

The District argues that it was not required to disqualify Leer as the lowest responsible bidder merely because it failed to disclose a discontinued lawsuit involving the Lampeter–Strasburg School District since the trial court properly found that this "defect" was within the District's discretion to waive. The District contends that the effect of the waiver did not deprive the District of its assurances that the contract would be performed and guaranteed according to its specified requirements. To the contrary, all of the in-

formation gleaned in the District's investigation demonstrated that Leer is a highly capable, highly qualified electrical contractor who has been involved in hundreds of projects with no evidence of ever having been involved in litigation related to its performance on a project. Also, the District notes that Leer identified the Lampeter–Strasburg School District Project on its list of projects. Had the lawsuit been listed on the bidder qualification statement, the same result would have been reached. The lawsuit would have been investigated and the same conclusions would have been reached that Leer was in fact the lowest responsible bidder and was a qualified bidder. Under these circumstances, the District contends that it was within its discretion to waive the omission.

The facts of the instant case are distinguishable from those of *March*. In *March*, the school district rejected a contractor as the apparent low bidder for general construction work on the grounds that the contractor did not meet the requirements of the bid documents because it failed to include a supplement to the bidders qualification statement, it failed to affix the corporate seal to certain documents, it stated that there were no lawsuits pending against it when there were and it failed to provide any information related to the lawsuits or request for arbitration it had filed. One of the lawsuits that the contractor in *March* failed to disclose involved the contractor's abandonment of a project and pending litigation related thereto, which could implicate its ability to perform on the project. Moreover, it was evident that the contractor failed to disclose the lawsuit and failed to identify even the existence of the project

because it was not a good reference for the contractor.

To the contrary, in the case at hand, the only defect alleged is the failure to identify one lawsuit which was not pending. Additionally, Leer included the Lampeter–Strasburg School District project on its list of projects in the bidder's qualification statement. We are confident that the District and the trial court properly determined that the omission did not in any way impact Leer's performance nor did it provide Leer with a bidding advantage over another contractor. Hence, pursuant to the analysis set forth by the Supreme Court in Gaeta, the omission did not materially undermine the bidding process. Hence, the District properly exercised its discretion to waive the bid defects relating to disclosure of the Lampeter–Strasburg School District project. Under those circumstances, the District was not required to disqualify Leer as the lowest responsible bidder. Therefore, the trial court did not err when it concluded that Appellants failed to demonstrate a reasonable likelihood of success on the merits.

Accordingly, we must affirm the order of the trial court, denying Appellants' petition for preliminary injunction, on the basis that Appellants' failed to establish a likelihood of success on the merits.[2]

Judge PELLEGRINI concurs in the result only.

### ORDER

AND NOW, this 30th day of June, 2006, the order of the Court of Common Pleas of Chester County, dated November 10, 2005, which denied Appellants' petition for preliminary injunction, is hereby affirmed for

---

**2.** As we have concluded that the trial court did not err in determining that Appellants failed to establish a likelihood of success on the merits, we need not address their remaining argument that the trial court erred when it concluded that greater injury would not stem from denying an injunction than from granting one.

the reasons set forth in the attached opinion.