J-A01031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: ESTATE OF ROSALIND T. SNYDER, AN ALLEGED INCAPACITATED PERSON | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: ESTATE OF ROSALIND T. SNYDER | No. 379 EDA 2015 |

Appeal from the Order December 22, 2014
In the Court of Common Pleas of Bucks County
Orphans' Court at No(s): 2014-0465

BEFORE: LAZARUS, J., OTT, J., and STEVENS, P.J.E.

JUDGMENT ORDER BY LAZARUS, J.:**FILED JANUARY 08, 2016**

Rosalind T. Snyder, *pro se*, appeals from the order entered in the Court of Common Pleas of Bucks County, declaring her to be a partially incapacitated person and appointing C. Barbara LeMunyon, President of Elder Care Advocacy Services, Inc., as limited guardian of her person and estate. For the following reasons, we dismiss the appeal.

The trial court entered its Adjudication and Decree on December 22, 2014. Snyder filed a timely *pro se* notice of appeal to this Court on January 21, 2015. On January 29, 2015, the trial court issued an order pursuant to Pa.R.A.P. 1925(b), directing Snyder to file a statement of errors complained of on appeal within 21 days. Snyder did not file a Rule 1925(b) statement as ordered.

In order to preserve claims for appellate review, an appellant must comply whenever the trial court orders her to file a statement of errors complained of on appeal pursuant to Rule 1925, and any issues not raised in a 1925(b) statement will be deemed waived. *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998). However, there are caveats to a finding of waiver. *Forest Highlands Cmty. Ass'n v. Hammer*, 879 A.2d 223, 227 (Pa. Super. 2005).

> First, the trial court must issue a Rule 1925(b) order directing an Appellant to file a response within [twenty-one] days of the order. Second, the Rule 1925(b) order must be filed with the prothonotary. Third, the prothonotary must docket the Rule 1925(b) order and record in the docket the date it was made. Fourth, the prothonotary shall give written notice of the entry of the order to each party's attorney of record, and it shall be recorded in the docket the giving of notice. *See* Pa.R.C.P. 236. If any of the procedural steps set forth above are not complied with, Appellant's failure to act in accordance with Rule 1925(b) will not result in a waiver of the issues sought to be reviewed on appeal.

*Id.*, citing *Commonwealth v. Hess*, 810 A.2d 1249, 1252 (Pa. 2002).

Here, the trial court's Rule 1925(b) order directed Snyder to file a response within 21 days and was filed with and docketed by the clerk of court. Written notice of the order was provided to each party's attorney of record, as well as to Snyder herself, and the giving of such notice was recorded on the docket. Accordingly, the court complied with all necessary

procedural steps and Snyder's failure to file her Rule 1925(b) statement results in waiver of all appellate claims.[1]

Appeal dismissed.

_____

[1] We also note an alternative basis for dismissal. Specifically, Snyder's brief fails to conform in any way to the Rules of Appellate Procedure, either with regard to format or substantive content. The brief does not include any of the required sections enumerated in Pa.R.A.P. 2111, including statement of jurisdiction, statement of scope and standard of review, statement of the questions involved, statement of the case, and argument. Rather, Snyder's brief is divided into six sections entitled "Preliminary Assertion," "Complete and Proper Fire Investigation Results," "Moot Points From The Court of Common Pleas," "Testimony of Dr. Moyer," "All Together Now," and "Relief Sought." Moreover, the content of Snyder's brief is disjointed and confused and does not assist the Court in meaningful analysis. We have previously stated:

> When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the . . . court is impeded in its preparation of a legal analysis which is pertinent to those issues.

*Lineberger v. Wyeth*, 894 A.2d 141, 148 (Pa. Super. 2006). Because of the manner in which Snyder presents her complaints, we are unable to discern her specific assignments of error. It is not the duty of this Court to guess which specific rulings are being challenged or to speculate as to the legal basis for those challenges. Because Snyder has failed to develop her arguments with citation to and analysis of relevant authority, she has waived her issues and they are unreviewable on appeal. *See Bombar v. West Am. Ins. Co.*, 932 A.2d 78 (Pa. Super. 2007).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/8/2016</u>