J-S38020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALAN RICHARD WEIST, | |
| Appellant | No. 2954 EDA 2015 |

Appeal from the Order Entered September 1, 2015
In the Court of Common Pleas of Pike County
Criminal Division at No(s): CP-52-0000240-2009

BEFORE: FORD ELLIOTT, P.J.E., OLSON AND JENKINS, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED NOVEMBER 07, 2016**

Appellant, Alan Richard Weist, appeals *pro se* from the order entered on September 1, 2015, which dismissed his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On January 7, 2011, Appellant pleaded guilty to two counts of rape of a child.[1] On March 31, 2011, the trial court sentenced Appellant to serve an aggregate term of 14 to 40 years in prison for his convictions. Appellant failed to perfect a direct appeal from his judgment of sentence. **See Commonwealth v. Weist**, 81 A.3d 996 (Pa. Super. 2013) (unpublished memorandum) at 1-2.

_____

[1] 18 Pa.C.S.A. § 3121(c).

On December 14, 2011, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel to represent Appellant, but appointed counsel petitioned for and was permitted to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court dismissed Appellant's first PCRA petition and, on May 15, 2013, this Court affirmed the PCRA court's order. **Commonwealth v. Weist**, 81 A.3d 996 (Pa. Super. 2013) (unpublished memorandum) at 1-4. Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On June 1, 2015, Appellant filed a *pro se* petition titled "Petition for Discovery," which the PCRA court treated as a second petition filed under the PCRA. PCRA Court Opinion, 12/23/15, at 1-2; **see Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013) ("any motion filed after the finality of a sentence that raises an issue that can be addressed under the PCRA is to be treated as a PCRA petition"); **Commonwealth v. Descardes**, 136 A.3d 493, 501 (Pa. 2016) ("the language of the PCRA clearly requires that an individual seeking relief from the judgment of sentence itself . . . pursue his request for relief through the PCRA"). The PCRA court denied Appellant's petition by order entered September 1, 2015 and Appellant filed a timely notice of appeal to this Court.

After Appellant filed his notice of appeal, the PCRA court issued an order for Appellant to file and serve a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate

Procedure 1925(b). PCRA Court Order, 10/15/15, at 1. However, the PCRA court did not receive a Rule 1925(b) statement from Appellant. *See* PCRA Court Opinion, 12/23/15, at 2 ("[a]s of December 18, 2015, [] Appellant still has yet to file a concise statement of matters complained of on appeal") (some internal capitalization omitted). Therefore, on June 14, 2016, this Court issued a judgment order that affirmed the PCRA court's order; we held that, because Appellant failed to comply with the PCRA court's Rule 1925(b) order, Appellant waived all of his issues on appeal. *Commonwealth v. Weist*, ___ A.3d ___, 2016 WL 3343617 (Pa. Super. 2016) (unpublished memorandum) at 1-3.

Nine days later, Appellant filed a timely, *pro se* application for reconsideration, wherein Appellant claimed that he never received the PCRA court's Rule 1925(b) order. Given Appellant's claim, this Court granted panel reconsideration and "order[ed] that the case be remanded so the PCRA court may conduct a hearing and determine whether Appellant ever received the PCRA court's order to file and serve a Rule 1925(b) statement." *Commonwealth v. Weist*, ___ A.3d ___, 2016 WL 5417451 (Pa. Super. 2016) (unpublished order).

On September 26, 2016, the PCRA court held the requisite hearing and, after hearing Appellant's testimony, determined that Appellant did not receive a copy of the Rule 1925(b) order. PCRA Court Opinion, 9/27/16, at ¶ 18. As such, Appellant's current issues on appeal are not subject to automatic waiver. *See Commonwealth v. Hess*, 810 A.2d 1249, 1255

(Pa. 2002) ("where [the a]ppellant was not served with notice of the trial court's [] order directing him to file a 1925(b) statement . . . , [the a]ppellant cannot be penalized for failing to file a timely 1925(b) statement"). However, this Court may not consider the merits of Appellant's claims because Appellant's PCRA petition is time-barred.

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." *Commonwealth v. McKeever*, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we are able to consider any of the underlying claims. *Commonwealth v. Yarris*, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. *See*, *e.g.*, *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); *Commonwealth v. Fahy*, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The

> Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e court would] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

***Commonwealth v. Whitney***, 817 A.2d 473, 475-476 (Pa. 2003).

In the case at bar, Appellant's judgment of sentence became final on May 2, 2011, when his time for filing a notice of appeal to this Court expired. Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3). Appellant then had until May 2, 2012 to file a timely PCRA petition. 42 Pa.C.S.A. § 9545(b)(1). As Appellant did not file his current petition until June 1, 2015, the current petition is manifestly untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. ***See*** 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

Appellant did not attempt to plead any exception to the PCRA's one-year time-bar. Thus, Appellant's petition is time-barred and our "courts are without jurisdiction to offer [Appellant] any form of relief." ***Commonwealth***

***v. Jackson***, 30 A.3d 516, 523 (Pa. Super. 2011).  Therefore, we affirm the

PCRA court's order dismissing Appellant's second PCRA petition.[2]

Order affirmed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/7/2016</u>

---

[2] We note that, even if the PCRA does not encompass Appellant's "Petition for Discovery," Appellant's petition still fails.  Pennsylvania Rule of Criminal Procedure 902 is entitled "Content of Petition for Post-Conviction Collateral Relief; Request for Discovery."  In relevant part, Rule 902(E)(1) declares: "no discovery shall be permitted at any stage of the proceedings, except upon leave of court after a showing of exceptional circumstances." Pa.R.Crim.P. 902(E)(1).  In the case at bar, if Appellant's "Petition for Discovery" does not constitute a PCRA petition, no "proceedings" are actually occurring and, therefore, Appellant is not entitled to discovery.  ***See id.*** Further, Appellant's petition did not claim any "exceptional circumstances." ***See id.***  Thus, even if Appellant's "Petition for Discovery" does not constitute a PCRA petition, the petition would still fail.