810 A.2d 1249

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Jody Lee HESS, Appellant.**

Supreme Court of Pennsylvania.

Submitted May 15, 2002.

Decided Nov. 25, 2002.

Gregory Thomas Moro, Bloomsburg, for J. Hess, appellant.

John McDanel, Bloomsburg, for the Com. of PA, appellee.

ZAPPALA, C.J., and CAPPY, CASTILLE, NIGRO, NEWMAN, SAYLOR and EAKIN, JJ.

## OPINION OF THE COURT

Justice NIGRO.

Appellant Jody Lee Hess appeals from the order of the Superior Court, which affirmed Appellant's conviction for driving under the influence ("DUI") due to his failure to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). We reverse.

At approximately 9:00 p.m. on the evening of April 18, 1997, Appellant was driving on State Road 42 in Madison Township, Columbia County, when he encountered a DUI checkpoint

that was being conducted by the Madison Township Police Department. As Appellant proceeded through the checkpoint, a police officer requested that he produce his license and registration and asked him several questions. The police officer questioning Appellant detected a strong odor of alcohol emanating from Appellant and his vehicle, and asked him to step out of his vehicle and into an area adjacent to the checkpoint so that the police could administer field sobriety tests. After Appellant failed two such tests, the police arrested him, advised him of his constitutional rights, and provided him with implied consent warnings. Shortly thereafter, Appellant consented to having his blood drawn for the purpose of testing his blood alcohol content ("BAC"). A registered nurse, who was at the checkpoint with the police, withdrew a sample of Appellant's blood approximately thirty minutes after he was stopped. A state-certified laboratory subsequently performed an analysis of the blood, which revealed that Appellant's BAC was .241 percent.

The Commonwealth charged Appellant with two counts of DUI for violating 75 Pa.C.S. § 3731(a)(1) (driving under the influence of alcohol to a degree that rendered the defendant incapable of driving safely) and 75 Pa.C.S. § 3731(a)(4)(i) (driving with a BAC of .10 percent or greater).[1] Following a jury trial on November 24, 1998, Appellant was convicted for violating § 3731(a)(4) of the DUI statute, but was acquitted of the DUI charge under § 3731(a)(1). The trial court subsequently sentenced Appellant to a term of imprisonment of

---

1. Pennsylvania's DUI statute, contained in Section 3731 of the Vehicle Code, provides in relevant part:

   (a) Offense defined.—A person shall not drive, operate or be in actual physical control of the movement of any vehicle in any of the following circumstances:

   (1) While under the influence of alcohol to a degree which renders the person incapable of safe driving.

   (2) While under the influence of any controlled substance ... to a degree which renders the person incapable of safe driving.

   (3) While under the combined influence of alcohol and any controlled substance to a degree which renders the person incapable of safe driving.

   (4) While the amount of alcohol by weight in the blood of:

   (i) an adult is 0.10% or greater.

   75 Pa.C.S. § 3731(a)(1)–(4)(i).

forty-five days to eighteen months.[2] On January 5, 1999, Appellant filed a post-trial motion raising several issues. However, the motion was denied by operation of law on June 7, 1999, after the trial court failed to rule on it within 120 days.[3] Appellant filed a notice of appeal to the Superior Court on June 16, 1999.

On July 2, 1999, the trial court filed an opinion pursuant to Pa.R.A.P. 1925, which provides in pertinent part:

(a) General Rule. Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order. . . .

(b) Direction to file statement of matters complained of. The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after entry of such order. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

Pa.R.A.P 1925(a), (b). In its Pa.R.A.P. 1925(a) opinion, the trial court below stated that it had directed Appellant to file a Pa.R.A.P. 1925(b) statement of matters complained of on appeal ("1925(b) statement"), but Appellant had failed to do so.[4] Nevertheless, the trial court speculated that, on appeal to the Superior Court, Appellant might raise the issues that were

**2.** The court ordered that Appellant be paroled at the end of his minimum sentence for the balance of the maximum sentence, subject to various conditions of parole. The court also imposed on Appellant a fine of five hundred and ten dollars, plus the costs of prosecution.

**3.** Under Pa.R.Crim.P. 720 (formerly Pa.R.Crim.P. 1410), a trial court is required to decide a post-trial motion "within 120 days of the filing of the motion," but if the court "fails to decide the motion within 120 days . . . the motion shall be deemed denied by operation of law." Pa.R.Crim.P. 720(B)(3)(a).

**4.** Although the trial court's opinion does not indicate the date on which the court directed Appellant to file a 1925(b) statement, the record indicates that a 1925(b) order was filed with the clerk of courts' office on June 17, 1999.

previously raised, but subsequently denied by operation of law, in his post-trial motion. The court then briefly addressed those issues, but dismissed each one as meritless.

On appeal, the Superior Court affirmed the judgment of sentence, explaining that Appellant had waived all of his claims pursuant to this Court's decision in *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998), which requires an appellant to comply with a trial court's order directing him to file a 1925(b) statement. Although Appellant explained that he had never received the trial court's order directing him to file a 1925(b) statement, and the District Attorney of Columbia County attested that no such order was served upon the Commonwealth, the Superior Court nonetheless found that "Appellant chose to ignore" the trial court's June 17th order. Super. Ct. Mem. Op. at 2, 3. Stating that "such indolence hinders effective appellate review and constitutes a waiver of all claims raised on an appeal," the Superior Court affirmed the judgment of sentence without addressing the merits of Appellant's claims. *Id.* at 3.

We granted allocatur to determine whether the Superior Court erred in deeming Appellant's issues waived when both Appellant and the District Attorney avowed that they were not served with copies of the trial court's 1925(b) order. Such an inquiry presents a question of law, which is subject to plenary review by this Court. *See, e.g., Montgomery v. Bazaz–Sehgal*, 568 Pa. 574, 798 A.2d 742, 748 n. 5 (2002); *Phillips v. A–Best Products Co.*, 542 Pa. 124, 665 A.2d 1167, 1170 (1995).

In *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306, 309 (1998), this Court concluded that "in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925" and that "[a]ny issues not raised in a 1925(b) statement will be deemed waived." Explaining the reasoning behind this strict waiver rule, we emphasized in *Lord* that "the absence of a trial court opinion poses a substantial impediment to meaningful and

effective appellate review." *Id.* at 308. We noted that Rule 1925 is intended to aid trial judges in focusing on the issues that a party plans to raise on appeal, and therefore, a 1925(b) statement is "a crucial component of the appellate process." *Id.* Thus, the Court made clear in *Lord* that if an appellant fails to file a timely 1925(b) statement as ordered by the trial court, all issues will be waived for purposes of appellate review.[5]

■ Of course, it is axiomatic that in order for an appellant to be subject to waiver for failing to file a timely 1925(b) statement, the trial court must first issue a 1925(b) order directing him to do so. *See Commonwealth v. Thomas,* 305 Pa.Super. 158, 451 A.2d 470, 472 n. 8 (1982) (appellant's failure to file a concise statement regarding the reasons for the appeal was not a violation of Rule 1925(b) because the lower court never ordered appellant to file such a statement). Moreover, in *Commonwealth v. Baker,* 547 Pa. 214, 690 A.2d 164, 167 (1997), this Court concluded that when a trial court enters such an order directing an appellant to file a 1925(b) statement, the clerk of courts has a mandatory duty to furnish copies of the order to each party or their attorney. In reaching this conclusion, we relied on Pa.R.Crim.P 114 ("Rule 114") (formerly Pa.R.Crim.P. 9025), which sets forth the obligations of the clerk of courts as follows:

> Upon receipt of an order from a judge, the clerk of courts shall immediately docket the order and record in the docket the date it was made. The clerk **shall** *forthwith furnish a copy of the order, by mail or personal delivery, to each party or attorney, and* **shall** *record in the docket the time and manner thereof.*

**5.** Our appellate courts have strictly applied the rule we announced in *Lord. See, e.g., Cheltenham Township Sch. Dist. v. Slawow,* 755 A.2d 45, 47 (Pa Commw.2000); *In re C.R.J.,* 801 A.2d 1261, 2002 WL 1352429, at *1 (Pa.Super. June 21, 2002); *Commonwealth v. Auchmuty,* 799 A.2d 823, 825 (Pa.Super.2002); *In Re Estate of Daubert,* 757 A.2d 962, 963 (Pa.Super.2000) (citing *Commonwealth v. Steadley,* 748 A.2d 707 (Pa.Super.2000)); *Commonwealth v. Overby,* 744 A.2d 797, 798 (Pa.Super.2000).

*Baker,* 690 A.2d at 166 (quoting Pa.R.Crim.P. 114 (formerly Rule 9025)) (emphasis added). Noting that this Court is the promulgator of the procedural rules in this Commonwealth and, as such, we fully intended the word "shall" in Rule 114 to be mandatory, we stated that the language of the Rule leaves no question that the clerk's obligations are not discretionary. *Id.* at 167. ·Further emphasizing the compulsory nature of the notice and recordation procedures set forth in Rule 114, we held that the lower courts had erred in determining that a local rule absolved the clerk of courts of the obligation to fulfill his duties under the Rule.[6] *Id.* at 168; *see* Pa.R.Crim.P. 114 cmt. ("the notice and recording procedures are mandatory and may not be modified by local rule").

The Superior Court has also addressed the mandatory notice and recording procedures of Rule 114 as they relate to the strict waiver rule under *Lord.* For example, in *Commonwealth v. Phinn,* 761 A.2d 176, 178 (Pa.Super.2000), *allocatur denied,* 567 Pa. 712, 785 A.2d 89 (2001), the Superior Court examined the language in Rule 114 that provides that the clerk of courts "shall record in the docket the time and manner" of service of the notice. The trial court in *Phinn* had directed the Commonwealth to file a 1925(b) statement on January 3, 2000, and according to the Superior Court, it appeared as though the Commonwealth's statement was untimely because it was not filed within fourteen days of the court's order. The Superior Court noted, however, that the "docket contain[ed] no information regarding when or how the

6. The lower courts in *Baker* had found that a clerk of courts was not required to furnish a copy of a trial court's 1925(b) order where a litigant failed to abide by a local rule of court that required parties to provide self-addressed stamped envelopes upon filing a motion. As noted above, this Court reversed, concluding that the local rule as interpreted by the lower courts was invalid because it was inconsistent with Rule 114, which places the burden of furnishing copies of orders upon the clerk of courts. *Baker,* 690 A.2d at 167–68. We stated that:

> in the absence of some general rule to the contrary, courts are not prevented from requiring that litigants provide addresses or envelopes or even to bear the costs of the court associated with sending orders, etc.; however, *courts may not render void mandatory duties imposed upon them or their employees or the parties by statewide rules as a price for non-compliance with a local rule.*

*Id.* at 168 (emphasis added).

court's order was furnished to the Commonwealth." *Id.* Given this vacuum, the Superior Court determined that:

due to [the] lack of recordation of the relevant information, we cannot with any certainty fix the date of entry of the order. Thus, there is no basis for us to properly conclude there existed a failure to comply with the order's directive to file a statement "within fourteen days" and we will proceed to our review of the Commonwealth's issues on appeal.

*Id.* Similarly, in *Commonwealth v. Parks,* 768 A.2d 1168, 1171 (Pa.Super.2001), the Superior Court held that the appellant's issues were not waived under *Lord* because there was no record on the docket sheet indicating that the clerk of courts ever furnished the appellant or his counsel with a copy of the trial court's 1925(b) order, an "obvious noncompliance with the express mandates" of Rule 114.

Here, Appellant claims that the Superior Court erred in deeming his appellate issues waived for failing to file a 1925(b) statement when he never received the trial court's June 17, 1999 order directing him to file a 1925(b) statement. Appellant points out that he submitted substantial support for his assertion that he did not receive the order, specifically: (1) an affidavit from his attorney swearing that the 1925(b) order was not served upon him; (2) affidavits from two employees of Appellant's attorney stating that they searched the office files and were unable to locate such an order; and (3) an affidavit sworn out by the District Attorney of Columbia County stating that "a thorough search of our files has revealed that no request for a [1925(b) statement] was served upon the Commonwealth" in this case. Appellant also argues that certain deficiencies in the clerk of courts' recording of notice on the docket sheet further demonstrate that he was not served with notice of the trial court's 1925(b) order. Given the totality of the evidence showing that Appellant did not receive proper notice of the 1925(b) order, we agree with Appellant that the Superior Court erred in applying *Lord*'s strict waiver rule to his case.

The docket sheet in the instant case reflects that on June 17, 1999, the trial court filed with the clerk of courts an order directing Appellant to file a 1925(b) statement within fourteen days. The docket sheet also indicates that Appellant's attorney and the District Attorney were served with the same order. However, despite the plain requirements of Rule 114, the docket sheet does not indicate the date of service, nor does it reflect the manner of service. Given this failure to comply with the mandatory procedures under Rule 114, *see Baker,* 690 A.2d at 166–67, we are unable to ascertain the date upon which Appellant was purportedly served with the trial court's 1925(b) order and, therefore, simply cannot conclude when, if ever, the fourteen day period under Rule 1925(b) began to run. As a result, like the court in *Phinn,* "there is no basis for us to properly conclude there existed a failure to comply with the order's directive to file a [1925(b)] statement 'within fourteen days.'" 761 A.2d at 178; *see also Parks,* 768 A.2d at 1171 (appellate issues not waived under *Lord* where there is "obvious noncompliance" with Rule 114 notice requirements). *Cf. Frazier v. City of Philadelphia,* 557 Pa. 618, 735 A.2d 113, 115 (1999) (holding that the Commonwealth Court erred in quashing an appeal for untimeliness when the docket did not reflect the actual date of notice of entry of order appealed from).

Appellant has also provided more than ample evidence to back up his contention that he did not receive the court's 1925(b) order. Appellant's attorney avowed that he was not served with the order, and two of his employees swore that they searched the office and were unable to locate such an order. Importantly, the District Attorney also provided an affidavit swearing that the Commonwealth was not served with a copy of the 1925(b) order.[7] These affidavits, combined

---

7. In its brief, the Commonwealth asserts that it is "not unusual" that the Commonwealth did not have a copy of the trial court's 1925(b) order in its files because "normally the request would be given to the party who filed the appeal, not to a responsive party." Brief for Appellee at 3–4. As discussed above, however, Rule 114 states that the order shall be sent to *both* parties. Moreover, to the extent that the Commonwealth is relying on some sort of local rule requiring that an order only be served on the filing party, our decision in *Baker* made

with the clerk of courts' obvious noncompliance with the mandatory procedures of Rule 114, compel us to conclude that Appellant did not receive the trial court's 1925(b) order.[8]  *See Baker,* 690 A.2d at 168; *Parks,* 768 A.2d at 1171–72; *Phinn,* 761 A.2d at 178.

Given these circumstances, where Appellant was not served with notice of the trial court's June 17, 1999 order directing him to file a 1925(b) statement within fourteen days, Appellant cannot be penalized for failing to file a timely 1925(b) statement.  We therefore conclude that the Superior Court erred when it found, pursuant to the strict waiver rule of *Lord,* that Appellant had waived all claims for purposes of appellate review.[9]  Accordingly, the order of the Superior Court is reversed and the matter is remanded to the Superior Court to review the merits of those issues raised by Appellant in his appeal.

Justice NEWMAN and Justice SAYLOR file a concurring opinions.

clear that the procedures under Rule 114 are mandatory and that local rules providing otherwise are invalid.

8.  We recognize that Appellant could have checked the docket sheet every day after filing his notice of appeal in order to determine whether the trial court issued a 1925(b) order.  However, we will not charge appellants with such an obligation, particularly when our rules of procedure place the burden of proper notice and recordation squarely on the shoulders of the clerk of courts as part of his official duties.

9.  We stress that our decision today in no way suggests that a party's failure to file a Rule 1925(b) statement will be excused based merely upon bald allegations that the party did not receive a 1925(b) order. *See Commonwealth, Dep't of Transp. v. McCafferty,* 563 Pa. 146, 758 A.2d 1155, 1163 (2000) (appellants have no right to be deliberately obtuse as to the nature of a proceeding).  As explained above, Appellant supported his contention by producing compelling affidavits, including one from the District Attorney prosecuting the case, as well as by noting the clerk of courts' noncompliance with Rule 114.  While the strict waiver rule of *Lord* remains intact, we simply cannot deem Appellant's appellate rights waived under the circumstances of this case. *Cf. Ryan v. Johnson,* 522 Pa. 555, 564 A.2d 1237, 1239 (1989) (the rule permitting the trial court to direct an appellant to file a 1925(b) statement and providing that failure to do so results in waiver may not be employed as a trap to defeat appellate review).

Justice NEWMAN concurring.

I agree with the majority's conclusion that for an "appellant to be subject to waiver for failing to file a timely 1925(b) statement, the trial court must first issue a 1925(b) order directing him to do so." I further agree that in this case, it was far from clear whether the order was ever served.

However, I write separately because the majority takes what I believe is the unnecessary and inappropriate step of making the factual finding that "Appellant did not receive the trial court's 1925(b) order." Generally, fact-finding is the role of the trial court. Here, the Superior Court should have remanded to the trial court the issue of whether the 1925(b) order was served because Appellant presented a *prima facia* case that he was not served with the 1925(b) order. Superior Court did not remand; it quashed the appeal. This was error. The proper course now is not to find facts, as the majority does. Instead, we should remand this case to the trial court for it to determine whether the 1925(b) order was served. If the trial court determines that the order was not served, Appellant's appellate rights should be reinstated and the trial court should then serve a new order, to which Appellant should respond.

Justice SAYLOR concurring.

I respectfully disagree with the majority's conclusion that the date that the trial court's Rule 1925 order was purportedly furnished to the parties cannot be discerned from the relevant docket entry and, therefore, that the starting date for the fourteen-day period to file a statement of matters complained of on appeal under Rule 1925(b) cannot be identified. Under the rule, the compliance period runs from the date the order is entered, which is defined under Appellate Rule 108(a) as "the day the clerk of the court ... mails or delivers copies of the order to the parties." In this case, the docket contains the following entry:

6/17/1999 ORDER OF COURT, FILED [14 DAY NOTICE] ORDER DATED: 06–09–99, IN ACCORDANCE WITH PA.R.A.P. 19265[B] (sic), THE APPELLANT OR

HIS COUNSEL IS DIRECTED, WITHIN FOUR-
TEEN [14] DAYS OF THIS ORDER, TO SERVE ON
THE UNDERSIGNED A CONCISE STATEMENT OF
THE MATTERS COMPLAINED OF ON APPEAL BY
THE COURT: /S/ SCOTT W. NAUS, JUDGE COPIES
OF ORDER ISSUED TO: D.A. AND ATTY. MORA.

Contrary to the majority, I view such entry as indicating a distribution date for the court's order, namely, that which is noted in the left-hand margin corresponding to the docket entry (June 17, 1999). While this point may seem a technical one, I believe that we can take judicial notice that the date-in-margin method of docketing is commonly used; indeed, the contrary approach would seem to have wider and troubling implications concerning the effectiveness of court docketing.

I nevertheless agree with the majority that the docket notation suffers from the failure to note the manner of service; in addition, Rule 114 requires a specific notation as to the time of service. *See* Pa.R.Crim.P. 114 (providing that the clerk of courts immediately docket an order, record the date it was made, furnish copies to the parties or their attorneys, and record the time and manner thereof). Such requirements serve as internal checks upon the clerk of courts, thereby providing greater assurance that all steps necessary to effectuate delivery have actually been undertaken.[1]

1. Notably, Rule 114 is similar to its civil counterpart, Rule 236, which requires, *inter alia,* that the prothonotary "note in the docket the giving of the notice." Pa.R.C.P. No. 236(b). Although strict enforcement of non-compliance with the recording requirements in the criminal arena would appear consonant with the interpretation the Court has applied in the civil context, *see, e.g., Frazier v. City of Philadelphia,* 557 Pa. 618, 735 A.2d 113 (1999), such an equation is not warranted under the terms of the Appellate Rules. In this regard, Appellate Rule 108(b) specifically differentiates civil orders in its date of entry definition, providing:

> **Civil orders.** The date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b).

Pa.R.A.P. 108(b). No similar provision exists in the criminal arena conditioning the date of entry of an order on specific aspects of the docket entry concerning notice; therefore, in the criminal context, technical deficiencies in a docket entry pertaining to notice do not *per*

I also agree with the majority that an exception to the waiver rule enunciated in *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998), should apply where a copy of the Rule 1925(b) order has not been received. Further, I have little difficulty treating the docket deficiencies and the Commonwealth's attestation to not having received the order as circumstantial evidence tending to support Appellant's allegation that the Rule 1925 order was not properly delivered. Although I recognize the Court has moved in the direction of strict treatment of waiver principles, since these have their roots in prudential considerations, *see generally Interactive Gift Express, Inc. v. Compuserve, Inc.,* 256 F.3d 1323, 1344 (Fed.Cir.2001) (citing *Singleton v. Wulff,* 428 U.S. 106, 121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976)), I find the present record sufficient to justify reversal of the Superior Court's Order and the remand for merits review.

*se* undermine the date designation for purposes of identifying the relevant compliance period.