J-S37026-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDREW SAINT LODGE | |
| Appellant | No. 2014 MDA 2013 |

Appeal from the PCRA Order entered November 4, 2013
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0003084-2008

BEFORE:  LAZARUS, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                  **FILED SEPTEMBER 29, 2014**

Appellant, Andrew Saint Lodge, appeals from the November 4, 2013 order of the Court of Common Pleas of Dauphin County dismissing his petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we remand for further proceedings.

The underlying facts are not at issue here.  For a detailed recitation, we direct the reader to our memorandum issued in connection with the direct appeal.  ***See Commonwealth v. Lodge***, No. 183 MDA 2011, unpublished memorandum at 1-5 (Pa. Super. filed October 3, 2011).  We must, however, recount the procedural aspects of this matter.

On January 6, 2011, following a bench trial, the trial court found Appellant guilty of three counts of recklessly endangering another person, and one count each of possession with intent to deliver, fleeing or

attempting to elude police, and reckless driving. On the same day, the trial court sentenced Appellant to an aggregate term of eight and one-half to eighteen years' imprisonment. Appellant timely appealed. On direct appeal, we affirmed the judgment of sentence on October 3, 2011. *See Lodge*, *supra*. On July 2, 2012, our Supreme Court denied Appellant's petition for allowance of appeal. *See Commonwealth v. Lodge*, 47 A.3d 846 (Pa. 2012).

Appellant filed a *pro se* PCRA petition on May 9, 2013. The PCRA court appointed counsel for Appellant and granted counsel 45 days to file a supplemental PCRA petition. The PCRA court subsequently granted a request for an extension of time to file a supplemental PCRA petition. On August 5, 2013, appointed counsel filed a motion to withdraw as counsel under *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.3d 213 (Pa. Super. 1988) (*en banc*), which the PCRA court granted on September 27, 2013. Contemporaneously, the PCRA court filed a notice of intent to dismiss the PCRA petition. Both the notice and the application to withdraw (and accompanying material) were mailed to Appellant at SCI Somerset, where he was serving his sentence. Appellant did not respond to the court's notice or counsel's application. There is no indication in the record the court's notice was returned to the Clerk of Courts. On November 4, 2013, the PCRA court dismissed the PCRA petition. The order denying the PCRA petition was mailed to Appellant, certified with return receipt. On November 13, 2013, Appellant appealed the

order denying his PCRA petition. In response, the PCRA court entered an order directing Appellant to file a Rule 1925(b) statement within 21 days from entry of order, warning Appellant, *inter alia*, that failure to file a timely Rule 1925(b) statement would result in waiver. PCRA Order, 11/22/13.

On January 7, 2014, having received no 1925(b) statement from Appellant, the PCRA court issued a Rule 1925(a) opinion suggesting dismissal of the appeal due to Appellant's failure to file a Rule 1925(b) concise statement, as per its November 22, 2013 order. Trial Court Opinion, 1/7/14. After filing his appellate brief, Appellant filed with this Court a "motion for leave to file nunc pro tunc concise statement of matters complained of on appeal," which we "denied without prejudice to seek relief in the trial court." Order, 3/10/14. On April 17, 2014, Appellant filed with the PCRA court a motion for leave to file a concise statement *nunc pro tunc*. Interestingly, it took approximately one month to request leave to file a concise statement despite the fact Appellant, in anticipation of an order from the trial court directing him to do so, had one already prepared. ***See*** Motion for Leave to File Nunc pro Tunc Concise Statement of Matters Complained of on Appeal, 4/17/14, at 1. The only reason Appellant did not file his concise statement any time sooner was because the trial court never ordered him to do so. ***Id.*** The PCRA court took no action on Appellant's motion for leave to file a *nunc pro tunc* concise statement.

On appeal, Appellant raises four claims of ineffective assistance of counsel. Before we can address the merits of the claims, we must

- 3 -

determine whether the claims raised before us were properly preserved for our review. Appellant argues he did not receive the November 22, 2013 order directing him to file a Rule 1925 concise statement. Appellant's Brief at 6. He provides, however, no support for his bald allegation.

Given Appellant is acting *pro se*, this is Appellant's first PCRA petition, and the PCRA court did not take any action on Appellant's "Motion for Leave to File Nunc pro Tunc Concise Statement of Matters Complained of on Appeal"—which would have shed light on this issue, we are constrained to remand to the PCRA court for further proceedings consistent with this memorandum.[1] **See** Pa.R.A.P. 1925(c)(1).

Accordingly, we remand to the PCRA court to determine whether the PCRA court's order of November 22, 2013 was served on Appellant. Should the PCRA court determine that Appellant was in fact served with said order, the PCRA court shall file with this Court a memorandum explaining its findings and conclusions within 60 days of the return of the original record to the PCRA court. Additionally, within the same timeframe, the trial court shall file with this Court a memorandum and order disposing of Appellant's Nunc pro Tunc Concise Statement of Matters Complained of on Appeal" of April 17, 2014. Should the PCRA court determine Appellant was not served

---

[1] "We stress that our decision today in no way suggests that a party's failure to file a Rule 1925(b) statement will be excused based merely upon bald allegations that the party did not receive a 1925(b) order." **Commonwealth v. Hess**, 810 A.2d 1249, 1255 n.9 (Pa. 2002).

with the November 22, 2013 order or should the trial court grant Appellant's "Motion for Leave to File Nunc pro Tunc Concise Statement of Matters Complained of on Appeal", the PCRA court shall address Appellant's Rule 1925(b) issues (as articulated in Appellant's "Nunc pro Tunc Concise Statement of Matters Complained of on Appeal" of April 17, 2014) in a memorandum to be filed with this Court within 60 days of the return of the original records to the PCRA court.

Matter remanded for further proceedings. Jurisdiction retained.