**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY WAYNE EARLS | |
| Appellant | No. 3408 EDA 2016 |

Appeal from the PCRA Order October 12, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004736-2009

BEFORE:  PANELLA, J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED JULY 13, 2017**

In this *pro se* appeal, we are tasked with determining whether Appellant, Anthony Earls, has presented a *prima facie* case that the clerk of courts failed to provide him notice of the Post Conviction Relief Act ("PCRA") court's order that directed him to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). If we were to conclude that he has established a *prima facie* case, we would be obligated to remand this matter to the PCRA court for a hearing on the issue. However, since we conclude that Earls has failed to present a *prima facie* case, we agree with the PCRA court that his failure to file a Rule 1925(b) statement has caused all of his claims on appeal to be waived. We therefore affirm.

In 2010, a jury convicted Earls of, among other crimes, first-degree murder arising from the gangland-style killing of Fard Simms while Simms

was waiting in line for pizza. This Court affirmed his judgment of sentence, and the Supreme Court of Pennsylvania denied his petition for allowance of appeal on May 30, 2013.

Earls filed a *pro se* PCRA petition on January 24, 2014, and the PCRA court appointed counsel to represent Earls. Approximately one year later, counsel requested permission to withdraw from the case, asserting that it had no merit. Earls requested to proceed *pro se*, and after a **Grazier** hearing, the PCRA court permitted him to do so.

Shortly thereafter, Earls filed an amended PCRA petition, which the PCRA court ultimately dismissed without a hearing. Earls filed a timely appeal, as well as a request to proceed *in forma pauperis* ("IFP"). The PCRA court granted Earl's request for IFP status, and also ordered Earl to file a Rule 1925(b) statement of matters complained of on appeal.

Earl never filed a Rule 1925(b) statement. In its opinion on appeal, the PCRA court concludes, pursuant to **Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998), and its progeny, that Earl's failure to file the Rule 1925(b) statement causes waiver of all of Earl's issues on appeal.

The certified docket entries indicate that the clerk of courts served Earl with these two orders *via* first class mail on November 2, 2016. In a subsequent filing, Earl asserted that the envelope he received on November 3, 2016, contained two copies of the order granting his request for IFP

status and did not contain a copy of the order directing him to file a Rule 1925(b) statement.

"[A] party's failure to file a Rule 1925(b) statement will [not] be excused based merely upon bald allegations that the party did not receive a 1925(b) order." **Commonwealth v. Hess**, 810 A.2d 1249, 1255 n.9 (Pa. 2002) (citation omitted). In **Hess**, the appellant asserted that he had not received the Rule 1925(b) order. In support, he provided multiple affidavits asserting the absence of such an order from the records, and noted that trial court's docket entries, in violation of Pa.R.Crim.P. 114, did not indicate the date and manner by which he had been served with the order. The Court concluded that Hess had not been served with the order, and therefore that waiver was inappropriate. **See id**.

This Court has consistently applied **Hess** when confronted with cases where the docket entries do not indicate the date and manner of service of the Rule 1925(b) statement. **See**, **e.g.**, **Commonwealth v. Davis**, 867 A.2d 585 (Pa. Super. 2005). However, the case currently before us differs from **Hess** in this crucial aspect. Here, the certified docket entries indicate the date and manner by which the Rule 1925(b) order was served on Earls.

Earls has attempted to file a signed statement from an associate that corroborates his claim that the envelope Earls received on November 3, 2016, did not contain a copy of the order directing him to file a Rule 1925(b) statement.

However, this signed statement does not qualify as an affidavit. In order to qualify as an affidavit, it must be

> a statement … of fact or facts, signed by the person making it, that either (1) is sworn to or affirmed before an officer authorized by law to administer oaths, or before a particular officer or individual designated by law as one before whom it may be taken, and officially certified to in the case of an officer under seal of officer, or (2) is unsworn and contains a statement that it is made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

Pa.R.C.P. 76. There is no indication that the statement filed by Earls was sworn to or affirmed before an officer authorized by the law, and it does not contain a statement that it was made pursuant to the penalties of 18 Pa.C.S.A. § 4904.

Furthermore, as the PCRA court notes, Earl acknowledges that he received the order granting him IFP status. In footnote 2 of that order, the PCRA court indicated that "[p]er a separate order of this same date (October 28, 2016), this court directed [Earls] to lodge a concise statement of matters complained of on appeal no later than twenty-one (21) days subsequent. *See* Order dated October 28, 2016." Trial Court Order, 10/28/16.

As the certified docket entries indicate the date and manner of service of the order, and there is no other evidence that he was not served, we are left with a bald allegation. Pursuant to **Hess**, this is insufficient to exempt Earls from compliance with the order directing him to file a Rule 1925(b) statement. In addition, the IFP order put Earls on notice that the order directing the filing of a Rule 1925(b) statement had been entered by the

- 4 -

PCRA court. We therefore agree with the PCRA court that all of Earl's issues on appeal have been waived.

Order affirmed. Jurisdiction relinquished.

President Judge Emeritus Ford Elliott joins in the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/13/2017