J-A09044-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DUSAN GRMUSA | : | |
| | : | No. 1562 WDA 2017 |
| Appellant | : | |

Appeal from the Order Entered September 27, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-SA-0001386-2017

BEFORE:  BOWES, J., DUBOW, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    FILED MARCH 23, 2018

Dusan Grmusa (Appellant) appeals pro se from the judgment of sentence imposed following his conviction of the summary offense of littering.[1] Upon review, we quash the appeal.

On February 23, 2017, following an investigation into the dumping of construction debris into Jack's Run in White Oak, Pennsylvania, Waterways Conservation Officer Michael E. Johnson of the Bureau of Law Enforcement for the Pennsylvania Fish and Boat Commission filed a criminal complaint against Appellant charging him with disturbing waterways and watersheds pursuant to 30 Pa.C.S.A. § 2502.

_____

[1] 30 Pa.C.S.A. § 2503(a).

On May 8, 2017, Appellant appeared before the Magisterial District Court where the charge was amended to the summary offense of littering, and the magisterial district judge found Appellant guilty. Appellant filed a summary appeal. On September 27, 2017, he appeared for a bench trial, after which the trial court found him guilty and imposed a sentence requiring him to pay a fine of $500.00 plus costs.

Appellant filed a notice of appeal on October 24, 2017. On October 26, 2017 the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P 1925(b). Appellant failed to comply.[2] On December 11, 2017, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) in which it concluded that Appellant's failure to file a Rule

_____

[2] On December 12, 2017, Appellant filed a pro se document entitled "Petition" which stated in pertinent part:

> On December 12, 2017 I received a Court Order by Your Honor Dated October 26, 2017 (EXHIBIT: A). This Order states that I failed to file a Concise Statement of the Errors Compiled within 21 days as ordered by the court and therefore the court has waived my appeal. This is an error I did in fact file said Concise Statement of the Errors within the 21 allotted days (EXHIBIT: B). I have attached a copy of both documents for your review

Petition, 12/12/17.

A review of the exhibits attached to the petition indicate that Exhibit A is the trial court's October 26, 2017 order directing compliance with Pa.R.A.P. 1925(b) and Exhibit B is Appellant's criminal docketing statement filed with this Court. No concise statement of errors complained of on appeal appears in the record.

1925(b) statement resulted in waiver. The trial court specifically stated that Appellant "has failed to set forth any ruling or error that he intends to challenge on appeal. Under these circumstances, there is no issue for the Court to review." Trial Court Opinion, 12/11/17, at 1-2.

Although the trial court directed Appellant to file a concise statement of errors complained of on appeal, Appellant failed to do so. When a trial court orders an appellant to file a Rule 1925(b) statement, he must comply in a timely manner. Commonwealth v. Castillo, 888 A.2d 775, 780 (Pa. 2005). An appellant's failure to comply with a Rule 1925(b) order will result in waiver of all issues on appeal. Id.[3] It is well-settled that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

As noted in footnote 2 above, on December 12, 2017, Appellant filed a pro se "Petition" in which he verbatim averred:

> On December 12, 2017 I received a Court Order by Your Honor dated October 26, 2017 (EXHIBIT: A).[4] This Order states that I failed to file a Concise Statement of the Errors Complained

_____

[3] Although this Court, interpreting Pa.R.A.P.1925(c)(3), has held that counsel's failure to file a Rule 1925(b) statement constitutes per se ineffectiveness warranting remand for the filing of a statement nunc pro tunc, a pro se defendant cannot allege the ineffectiveness of counsel based upon his own inaction. See Commonwealth v. Fletcher, 986 A.2d 759, 774, 779 (Pa. 2009).

[4] This is a misstatement by Appellant; the content of Appellant's petition indicates he is referencing his receipt of the trial court's December 11, 2017 opinion finding that he waived any appellate issues due to his failure to file a 1925(b) statement.

> of within 21 days as order (sic) by the court and therefore the court has waived my appeal.
>
> This is an error I did in fact filed said Concise Statement of the Errors within the 21 allotted days (EXHIBIT: B). I have attached a copy of both documents for your review.

Appellant's Exhibit A is a copy of the trial court's October 26, 2017 order directing him to file a Rule 1925(b) statement; his Exhibit B is a copy of the Superior Court Criminal Docketing Statement, which in no way constitutes a Rule 1925(b) statement. We nonetheless note that Rule of Criminal Procedure 114 provides that court orders shall be transmitted to the clerk of courts, served upon a party if the party is not represented by an attorney, and promptly entered on the docket with the date of the order, date of receipt by the clerk of courts, and date of service. Pa.R.Crim.P. 114. In this case, the trial court docket does not demonstrate that the trial court's 1925(b) order was issued in compliance with Pa.R.Crim.P. 114. Where the record, and particularly the docket, fails to indicate the date and manner of service of the 1925(b) order, we may not find waiver. See Commonwealth v. Hess, 810 A.2d 1249, 1254-1255 (Pa. 2002); see also Commonwealth v. Hooks, 921 A.2d 1199, 1202 (Pa. Super. 2007).

However, even had Appellant not received the trial court's order directing his compliance with Pa.R.A.P. 1925(b) in a timely, compliant fashion (which he has not alleged), his two-page appellate brief in no way conforms to the Rules of Appellate Procedure. Appellant's Brief at 1-2; see also Pa.R.A.P. 2111(a)–(b); Pa.R.A.P. 2114-2119. The brief fails to include a

- 4 -

statement of jurisdiction, order or other determination in question, summary of argument, or statement of questions involved, and the statement of the case and argument sections are lacking. Instead, Appellant's brief consists of a two-page narrative in which he recounts his grievances with the Department of Environmental Protection, along with an assertion that a company delivering fill was responsible for depositing the debris in the stream.

"The briefing requirements scrupulously delineated in our appellate rules are not mere trifling matters of stylistic preference; rather, they represent a studied determination by our Court and its rules committee of the most efficacious manner by which appellate review may be conducted so that a litigant's right to judicial review ... may be properly exercised. . . . [C]ompliance with these rules . . . is mandatory." Commonwealth v. Perez, 93 A.3d 829, 837–38 (Pa. 2014). "To the extent [an] appellant's claims fail to contain developed argument or citation to supporting authorities and the record, they are waived." Id. If the defects are in the brief of the appellant are substantial, the appeal may be quashed. Pa.R.A.P. 2101

We recognize that Appellant is pro se. However, as our Courts have made clear, "[u]nder Pennsylvania law, pro se defendants are subject to the same rules of procedure as are represented defendants." Commonwealth v. Blakeney, 108 A.3d 739, 766 (Pa. 2014). "Although the courts may liberally construe materials filed by a pro se litigant, pro se status confers no special benefit upon a litigant, and a court cannot be expected to become a

litigant's counsel or find more in a written pro se submission than is fairly conveyed in the pleading." Id. "When issues are not properly raised and developed in briefs, [and] when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." Commonwealth v. Tchirkow, 160 A.3d 798, 804 (Pa. Super. 2017) (citations omitted).

For these reasons, we quash this appeal. The case shall be stricken from the argument list. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/2018