J-S03013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                       :                PENNSYLVANIA
                                       :
                 v.                         :
                                       :
                                       :
HERMAN ORLANDO HELLAMS        :
                                       :
           Appellant        :     No. 469 WDA 2020

Appeal from the PCRA Order Entered February 19, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0014767-2015

BEFORE:    DUBOW, J., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:                **FILED: MARCH 4, 2021**

Appellant, Herman Orlando Hellams, appeals *pro se* from the February 19, 2020 Order dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] After review, we remand for further proceedings consistent with this Order.

Given our disposition, a full recitation of the facts of this case is unnecessary. Briefly, on February 19, 2020, after issuing notice pursuant to Pa.R.Crim.P. 907, the PCRA Court dismissed Appellant's PCRA Petition.

Appellant timely filed a *pro se* Notice of Appeal. On June 5, 2020, the court issued an Order pursuant to Pa.R.A.P. 1925, requiring Appellant to file

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-46.

a Rule 1925(b) Statement within 21 days. The docket does not indicate when or how the clerk of courts served the Order on Appellant.

Appellant failed to file a Rule 1925(b) Statement with the PCRA court.[2] Consequently, on July 1, 2020, the court authored a Rule 1925(a) Opinion finding waiver of all issues on appeal. As a result, the PCRA court has not addressed any of Appellant's issues on the merits.

Upon review, we conclude that Appellant's failure to file a Rule 1925(b) Statement was caused by a breakdown in the court process.

Pennsylvania Rule of Appellate Procedure 1925 requires that, when ordered to do so by the court, an appellant must file a concise statement of errors complained of on appeal within 21 days of the date of the order's entry on the docket. Pa.R.A.P. 1925(b)(2)(i).

Pennsylvania Rule of Appellate Procedure 108 provides that, in computing any period of time, "the day of entry shall be the day the clerk of the court . . . mails or delivers copies of the order to the parties[.]" Pa.R.A.P. 108(a)(1).

Finally, Pennsylvania Rule of Criminal Procedure 114(C)(2)(c) provides: "The docket entries shall contain … the date of service of the order or court notice." Pa.R.Crim.P. 114(C)(2)(c). This rule "establishes a uniform procedure for providing adequate notice of every trial court order issued during the

---

[2] Instead, on July 1, 2020, Appellant filed a Rule 1925(b) Statement with this Court. As there exists no statutory authority for this Court to transfer an erroneously filed Rule 1925(b) Statement to the lower court, we will treat this filing as a legal nullity.

course of criminal prosecutions." ***Commonwealth v. Parks***, 768 A.2d 1168, 1172 (Pa. Super. 2001).

In ***Parks***, the trial docket did not reflect that the Clerk of Courts furnished the appellant with a copy of the Rule 1925(b) order. ***Id.*** at 1171. Thus, this Court concluded the appellant's issues were not waived for failure to file a concise statement. ***Id.*** We reasoned: "Absent a formal docket entry detailing the manner of notice, there is nothing to suggest that [the a]ppellant's counsel was properly provided by the Clerk of Courts, in a timely fashion, a copy of the Trial Court's order requiring him to file a Rule 1925(b) statement." ***Id.***

Additionally, in ***Commonwealth v. Hess***, 810 A.2d 1249 (Pa. 2002), the trial court stated it had ordered the defendant to submit a Rule 1925(b) statement; however, the defendant claimed he never received the order. ***Id.*** at 1251-52. On review, the Pennsylvania Supreme Court noted that although the trial docket indicated that defense counsel and the Commonwealth were served with the order, the docket sheet did not indicate the date or manner of service, in contravention of "the mandatory procedures under Rule 114." ***Id.*** at 1254. Thus, the Court reasoned it was "unable to ascertain the date upon which [the defendant] was purportedly served with the trial court's 1925(b) order and, therefore, [the Court] simply cannot conclude when, if ever, the [filing] period under Rule 1925(b) began to run." ***Id.*** The Court concluded the defendant did not waive his appellate rights. ***Id.*** at 1254-55.

Here, the PCRA court docket does not reflect when or how the court's Rule 1925 Order was sent to Appellant, as required by the clear language of Pa.R.Crim.P. 114. Therefore, pursuant to **Parks** and **Hess**, we overlook Appellant's failure to file a Rule 1925(b) Statement with the PCRA court and decline to find Appellant's issues waived.

Accordingly, we remand this matter to the PCRA court for re-entry and proper service of a Rule 1925 Order.[3] Upon receipt of the Order, Appellant shall have 30 days to file a Pa.R.A.P. 1925(b) Statement, and the trial court shall have thirty days thereafter to comply with Pa.R.A.P. 1925(a).

Case remanded with instructions. Panel jurisdiction retained.

Judge Murray joins the memorandum.

Jude Strassburger files a concurring and dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  3/4/2021

---

[3] Our review of the record also indicates that the PCRA court's order was inadequate for failure to inform Appellant "that the Statement shall be served on the judge pursuant to paragraph (b)(1) and both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement." Pa.R.A.P. 1925(b)(3)(iii). We instruct the PCRA court to satisfy all of the applicable dictates of Pa.R.A.P. 1925.