J-S11041-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCUS UPSHAW | : | |
| | : | |
| Appellant | : | No. 1198 WDA 2021 |

Appeal from the PCRA Order Entered September 14, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0001280-2009

BEFORE:  PANELLA, P.J., OLSON, J., and SULLIVAN, J.

JUDGMENT ORDER BY SULLIVAN, J.:              **FILED: JUNE 28, 2022**

Marcus Upshaw ("Upshaw") appeals *pro se* from the order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We remand for the issuance of a Pa.R.A.P. 1925(b) order in compliance with Pa.R.Crim.P. 114(C).

In 2011, after a jury convicted Upshaw of second-degree-murder and related offenses, the trial court imposed an aggregate sentence of life in prison without the possibility of parole, plus ten and one-half years in prison. Following a procedural history not herein relevant, this Court affirmed the judgment of sentence. *See Commonwealth v. Upshaw*, 2014 Pa. Super. Unpub. LEXIS 3289, 2014 WL 10965838 (Pa. Super. 2014) (unpublished memorandum).  In 2014, Upshaw filed a PCRA petition, his first.  The PCRA

---

[1] *See* 42 Pa.C.S.A.§§ 9541-9546.

court dismissed the petition, and this Court affirmed the dismissal. *See Commonwealth v. Upshaw*, 170 A.3d 1249 (Pa. Super. 2017) (unpublished memorandum).

On May 10, 2021, Upshaw filed the instant *pro se* PCRA petition, his second. The PCRA court dismissed the petition without a hearing, and Upshaw filed a timely notice of appeal. On October 21, 2021, the PCRA court entered an order directing Upshaw to file a Rule 1925(b) concise statement of errors complained of on appeal within twenty-one days. Upshaw failed to comply with the order. The PCRA court filed a Rule 1925(a) opinion in which it concluded that, based on Upshaw's failure to file a concise statement, his issues on appeal were waived for failure to comply with the Rule 1925(b) order.

Pursuant to Rule 1925(b), "[i]f the judge entering the order giving rise to the notice of appeal . . . desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal." As with all orders, the clerk of courts must promptly serve each party with a copy of the Rule 1925(b) order. *See* Pa.R.Crim.P. 114(B)(1). Additionally, the clerk shall promptly note on the docket the following information: (1) the date of receipt in the clerk's office of the court order; (2) the date appearing on the court order; and (3) the date of service of the court order. *See* Pa.R.Crim.P. 114(C)(2). Our Supreme Court has ruled

- 2 -

that the clerk's obligations under Rule 114 are mandatory and may not be modified by local rules. **See Commonwealth v. Hess**, 810 A.2d 1249, 1253 (Pa. 2002) (holding that an untimely Pa.R.A.P. 1925(b) statement did not result in waiver where, *inter alia*, the trial court docket did not indicate the date and manner of service of the court's Rule 1925(b) order in violation of Rule 114).

Here, the docket does not reflect that the Rule 1925(b) order was served on Upshaw, who was proceeding *pro se*, at his prison address. Instead, the docket indicates that the Rule 1925(b) order was served on Upshaw's prior counsel, who no longer represented him. As the clerk of courts failed to serve Upshaw with a copy of the Rule 1925(b) order and to note such service on the docket, we must remand for the issuance of a new Rule 1925(b) order in accordance with Rule 114(C).

Upon remand, the PCRA court is directed to enter a new Rule 1925(b) order within thirty days of this judgment order. The clerk of courts shall serve Upshaw with a copy of the order at his prison address and note the date and manner of service on the docket in accordance with Rule 114(C). If Upshaw files a timely concise statement in accordance with the new Rule 1925(b) order, the PCRA court shall prepare and file a Rule 1925(a) opinion addressing the errors raised in the concise statement.

Case remanded with instructions. Jurisdiction retained.