J-S46024-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID STALLWORTH | : | |
| | : | |
| Appellant | : | No. 597 WDA 2023 |

Appeal from the Judgment of Sentence Entered May 12, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-SA-0000310-2023

BEFORE: DUBOW, J., MURRAY, J., and SULLIVAN, J.

JUDGMENT ORDER BY MURRAY, J.: **FILED: February 7, 2024**

David Stallworth (Appellant), *pro se*, appeals the judgment of sentence entered following his conviction of two counts of neglect of an animal, and one count of cruelty to animals.[1] We remand for issuance of a Pa.R.A.P. 1925(b) order in compliance with Pa.R.Crim.P. 114(C).

On March 7, 2023, a magisterial district court convicted Appellant of the above-described offenses and sentenced Appellant to a fine and costs. On March 16, 2023, Appellant filed a motion to proceed *in forma pauperis*, and a petition for permission to file a summary appeal, *nunc pro tunc*. The trial

---

[1] ***See*** 18 Pa.C.S.A. §§ 5532(a), 5533(a).

court granted Appellant's petition on March 17, 2023. On March 21, 2023, Appellant filed his *nunc pro tunc* summary appeal.[2]

On May 12, 2023, Appellant failed to appear for his scheduled trial. As described by the trial court,

> [t]he hearing date of May 12, 2023, at 8:15 a.m., was conspicuously hand-written on the notice of appeal. The location of the hearing and the court's telephone number was also on the notice of appeal.
>
> The officer appeared for the hearing but not [Appellant]. On May 12, 2023, after [Appellant] failed to appear at the hearing, [the trial court] entered an order dismissing [Appellant's] summary appeal,[3] and entered judgment on the judgment of the issuing authority, pursuant to Pa.R.Crim.P. 462(D) [(governing trials *de novo* where the defendant fails to appear)]. [Appellant] filed an appeal to the Superior Court of Pennsylvania on May 24, 2023.

Trial Court Opinion, 7/5/23, at 1 (capitalization modified, footnote added).

On May 26, 2023, the trial court ordered Appellant to file a concise statement of matters complained of on appeal within 21 days. Appellant failed to file a concise statement.

Appellant presents the following issues for our review:

(1) Did the Officer practice Constitutional law?

(2) Were the charges filed against [Appellant], lawfully applied?

(3) Did the Judge(s) operate under Color of Law?

---

[2] Appellant did not request the appointment of counsel.

[3] The trial court sentenced Appellant to an aggregate $300 fine plus costs. Judgment, 5/12/23.

- 2 -

(4) How did the housing Official(s) and the said collaborators conspire against [Appellant]?

Appellant's Brief at 7 (unnumbered).

Prior to addressing Appellant's claims, we must determine whether they are preserved for appellate review. Under our Rules of Appellate Procedure,

> [i]f the judge entering the order giving rise to the notice of appeal … desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal.

Pa.R.A.P. 1925(b).[4] As with all orders, the clerk of courts is required to promptly serve each party with a copy of the Rule 1925(b) order. *See* Pa.R.Crim.P. 114(B)(1). Additionally, the clerk is required to promptly note on the docket the following information: (1) the date of receipt in the clerk's office of the court order; (2) the date appearing on the court order; and (3) the date of service of the court order. *See* Pa.R.Crim.P. 114(C)(2). Our Supreme Court has ruled that the clerk's obligations under Rule 114 are mandatory and may not be modified by local rules. *See Commonwealth v. Hess*, 810 A.2d 1249, 1253 (Pa. 2002) (holding that an untimely Pa.R.A.P. 1925(b) statement did not result in waiver where, *inter alia*, the trial court

---

[4] When a trial court orders an appellant to file a Pa.R.A.P. 1925(b) concise statement, he must comply to preserve his claims on appeal. *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998). Any issues not raised in a timely concise statement will be deemed waived. Pa.R.A.P. 1925(b)(4)(vii).

docket did not indicate the date and manner of service of the court's Rule 1925(b) order in violation of Rule 114).

Our review discloses the docket entry for the trial court's concise statement order does not reflect the date the clerk's office received the order, the date appearing on the court's order, or the date of service of the order. Consequently, we must remand for the issuance of a new Rule 1925(b) order in accordance with Rule 114(C).

On remand, the trial court is directed to enter a new Rule 1925(b) order within thirty days of the date of this judgment order. The clerk of courts shall serve Appellant with a copy of the order and note the date and manner of service on the docket in accordance with Pa.R.Crim.P. 114(C). If Appellant files a timely concise statement in accordance with the new Rule 1925(b) order, the trial court shall prepare and file a Pa.R.A.P. 1925(a) opinion addressing the errors raised in the concise statement.

Case remanded with instructions. Jurisdiction retained.