J-S22024-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROCKY WILLIAM ANTILL | : | |
| | : | |
| Appellant | : | No. 1410 WDA 2023 |

Appeal from the PCRA Order Entered October 27, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0008977-2016

BEFORE:  PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY LANE, J.:                    **FILED: September 13, 2024**

Rocky William Antill ("Antill") appeals *pro se* from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We quash the appeal as premature.

In 2017, a jury convicted Antill of rape of a child and related offenses. The trial court sentenced Antill to 200 to 450 months in prison, followed by ten years of probation.  This Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal on February 12, 2020.  ***See Commonwealth v. Antill***, 220 A.3d 640 (Pa. Super. 2019) (unpublished memorandum), *appeal denied*, 224 A.3d 1267 (Pa. 2020).

On January 10, 2021, Antill filed a timely *pro se* PCRA petition, his first. The PCRA court appointed counsel, who filed a motion to withdraw and a "no-

_____

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Antill's petition without a hearing, and ultimately entered an order granting counsel's motion to withdraw and dismissing the petition. Antill filed a timely *pro se* notice of appeal. This Court determined that counsel's "no-merit" letter was deficient under **Turner**/**Finley** because it failed to discuss all issues that Antill wished to raise. Consequently, this Court vacated the PCRA court's order granting the motion to withdraw and dismissing Antill's PCRA petition, and remanded the matter for the court to direct appointed counsel to comply with the dictates of **Turner**/**Finley**. **See Commonwealth v. Antill**, 545 WDA 2021 (Pa. Super. 2021) (unpublished memorandum).

Upon remand, the PCRA court appointed replacement counsel who filed multiple requests for extensions before filing a motion to withdraw and a "no-merit" letter pursuant to **Turner**/**Finley**. On April 3, 2023, the PCRA court issued a Rule 907 notice to which Antill did not respond. On May 10, 2023, the PCRA court entered an order dismissing Antill's *pro se* PCRA petition.

On October 24, 2023, Antill filed a *pro se* motion for leave to file an amended PCRA petition. On October 27, 2023, the PCRA court entered an order denying the motion. On November 28, 2023, Antill filed a "Motion to Rescind Order Dismissing PCRA and Allow Response to 907 Notice *Nunc Pro Tunc*" in which he alleged that he did not receive a copy of either the April 3,

2023 Rule 907 notice or the May 10, 2023 dismissal order. The following day, on November 29, 2023, Antill filed *pro se* notice of appeal from the order dismissing his petition. The PCRA court did not order Antill to file a concise statement pursuant to Pa.R.A.P. 1925(b). Nevertheless, the PCRA court authored an opinion pursuant to Rule 1925(a) in which it acknowledged Antill's claims that he did not receive a copy of either the April 3, 2023 Rule 907 notice or the May 10, 2023 dismissal order, and requested that this Court remand the matter to permit the PCRA court to consider Antill's motion. In this Court, Antill has filed a *pro se* motion for remand, noting the PCRA court's request for a remand in its Rule 1925(a) opinion.

Preliminarily, we must consider whether this appeal is properly before this Court. Pennsylvania Rule of Criminal Procedure 114 sets forth the obligations of the clerk of courts. Among other obligations, the clerk must promptly serve a copy of "any order or court notice" on the party's attorney or "[on] the party if unrepresented." Pa.R.Crim.P. 114(B)(1). Additionally, the clerk shall promptly note on the docket the following information: (1) the date of receipt in the clerk's office of the court order; (2) the date appearing on the court order; and (3) the date of service of the court order. **See** Pa.R.Crim.P. 114(C)(2). Our Supreme Court has ruled that the clerk's obligations under Rule 114 are mandatory and may not be modified by local rules. **See Commonwealth v. Hess**, 810 A.2d 1249, 1253 (Pa. 2002) (holding that an untimely Rule 1925(b) statement did not result in waiver

where, *inter alia*, the trial court docket did not indicate the date and manner of service of the court's Rule 1925(b) order in violation of Rule 114).

Further, with respect to the May 10, 2023 dismissal order, Rule 907 provides:

> When [a PCRA] petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed. The order shall be filed and served as provided in [Pa.R.Crim.P.] 114.

Pa.R.Crim.P. 907(4).

Finally, pursuant to our appellate rules, "no order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court." Pa.R.A.P. 301(a)(1).[2] The thirty-day time period for appealing from a criminal order other than a judgment of sentence begins to run on the day that the order is served on the parties by the clerk of courts. **See** Pa.R.A.P. 108(a)(1), (d).

Here, our review reveals that neither the PCRA court's April 3, 2023 Rule 907 notice, nor its May 10, 2023 order dismissing Antill's petition have been properly entered on the docket. Notably, in its April 3, 2023 Rule 907 notice, the PCRA court granted replacement counsel's motion to withdraw from representation, thereby leaving Antill unrepresented. Thus, pursuant to Rule 114(B)(1), the clerk of courts was required to promptly serve a copy of the

---

[2] Rule 301(a)(1) provides one exception which is not herein applicable.

Rule 907 notice on Antill. Yet, the docket entry for the Rule 907 notice contains no indication that the order was served on Antill pursuant to Rule 114(B)(1). Nor is there any notation on the docket of the date or manner in which such service was made to Antill in accordance with Rule 114(C)(2). Rather, the docket reflects that a copy of the Rule 907 notice was sent only to the district attorney's office and replacement counsel, who was withdrawn.

Similarly, the docket entry for the May 10, 2023 dismissal order contains no indication that the order was served on Antill, who was unrepresented, pursuant to Rule 114(B)(1), and by certified mail, return receipt requested, as required by Rule 907(4). Moreover, there is no notation on the docket of the date or manner in which such service of the dismissal order was made to Antill in accordance with Rule 114(C)(2). Rather, the docket reflects that a copy of the dismissal order was served only on the district attorney's office.

Accordingly, we are constrained to quash the appeal as premature, as no final appealable order has been appropriately entered on the docket. *See* Pa.R.A.P. 301(a)(1), 108(a)(1), (d).[3] After the clerk of courts serves Antill with the Rule 907 notice and notes the date and manner of such service on the docket as required by Rule 114(B)(1) and (C)(2), Antill will have twenty days from the date of service to timely file a response to the Rule 907 notice.

Appeal quashed.

---

[3] Given our disposition, we deny Antill's motion for remand as moot.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 09/13/2024