J-S16022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHAD CRAIG RENFRO-NARDUZZI | : | |
| | : | |
| Appellant | : | No. 944 MDA 2017 |

Appeal from the PCRA Order August 10, 2017
In the Court of Common Pleas of Centre County Criminal Division at
No(s):  CP-14-CR-0001195-2014

BEFORE:   BOWES, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY MURRAY, J.:                    **FILED APRIL 25, 2018**

Chad Craig Renfro-Narduzzi (Appellant) appeals *pro se* from the order denying his first Post Conviction Relief Act[1] (PCRA) petition because it was untimely filed.  Although we find that the petition was timely under the prisoner mailbox rule, we affirm the PCRA court because Appellant's issues are waived.[2]

On May 31, 2014, Appellant was an inmate at the Centre County Correctional Facility.  Corrections Officer (CO) David Zettle and CO David

---

* Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] An appellate court can affirm on any basis.  ***Prieto Corp. v. Gambone Const. Co***., 100 A.3d 602, 606 (Pa. Super. 2014).

Galleher were attempting to transport Appellant, who was handcuffed, from his cell to the restrictive housing unit. Appellant, however, "dug his heels" into the floor, threw his elbows about, and attempted to head-butt the COs. N.T. Trial, 10/20/14, at 16. CO Zettle tried to pull Appellant down to the floor but fell and hit his head. Subsequently, CO Zettle testified that his eyeglasses were broken and that he suffered a concussion, a "very severe bloody nose," a black eye and cut above his eye, and abrasions to his hand and elbow. *Id.* at 21-25.

Appellant was charged with simple assault, aggravated assault, and harassment.[3] The case proceeded to a bench trial on October 20, 2014. At the beginning of the proceedings, the trial court conducted an oral colloquy as to Appellant's desire to proceed *pro se*, and thereafter permitted Appellant to represent himself.[4] *Id.* at 4-6. CO Zettle testified to the incident and his injuries as summarized above, and the Commonwealth played an eight-minute video depicting the incident. Appellant testified in his defense, denying that he struck CO Zettle, and instead explaining that he had an existing knee injury and was merely trying to pull away from the COs, who were rushing

---

[3] 18 Pa.C.S.A. §§ 2701(a)(1), 2702(a)(3), and 2709(a)(1).

[4] While the record does not include a written colloquy, the court's statements on the record indicate that it had previously conducted a colloquy with Appellant. *See* N.T., 10/20/14, at 3 ("[S]hould we go through the colloquy once more just to be sure?").

- 2 -

and pushing him as they were walking. The trial court found Appellant guilty of all three charges.

On November 14, 2014, the trial court imposed a sentence of two to four years' imprisonment for aggravated assault.[5] The court advised Appellant on the record that he had 10 days to file a post-sentence motion and 30 days to appeal. N.T. Sentencing, 11/14/14, at 9. Later that same day, Appellant reappeared *pro se* before the trial court under a different docket, CP-14-CR-1981-2014 ("Case 1981") and entered a negotiated guilty plea.[6] The Commonwealth informed the court it was recommending a sentence of two to four years' imprisonment to run consecutive to the sentence in this case, and furthermore, that Appellant agreed to not file an appeal in that case, nor in the instant case. *Id.* at 15. The trial court accepted the plea agreement, but nevertheless upon sentencing, advised Appellant: "I know you talked about not appealing, but I still have to say the reason for [the sentence — that it was the term agreed upon by the parties]. You have thirty days to appeal, ten days to file post-sentence motions." *Id.* at 23.

---

[5] The count of simple assault merged with aggravated assault for sentencing purposes. The court imposed a $25 fine for the harassment charge. N.T. Sentencing, 11/14/14, at 8.

[6] While the sentencing transcript in this case includes the plea proceedings for Case 1981, the charges in Case 1981 were not specified on the record. *See* N.T., 11/14/14, at 10-24.

Appellant did not file any post-sentence motion or direct appeal.[7] His 30-day period for filing an appeal fell on Sunday, December 14, 2014, and thus Appellant had until the next day, December 15th, to appeal. ***See*** 1 Pa.C.S.A. § 1908 (providing that when the last day of any period of time referred to in any statute falls on a Saturday, Sunday, or legal holiday, such day shall be omitted from computation); Pa.R.A.P. 903(a) (appeal shall be filed within 30 days of entry of order). Because Appellant did not appeal, his judgment of sentence became final on that day, and generally, he had one year, until December 15, 2015, to file a PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1) (generally, any PCRA petition shall be filed within one year of the date the judgment becomes final), (3) (judgment becomes final at the conclusion of direct review or at the expiration of time for seeking review).

Appellant mailed a *pro se* PCRA petition to the court for filing. The stamp on the envelope is dated December 15, 2015 — the very deadline imposed by Section 9545(b)(1) — but the petition was stamped by the court as "filed" on December 18, 2015, and the corresponding docket entry is dated December 21st. The petition, however, made no mention of the timeliness requirements

---

[7] On December 10, 2014 and February 5, 2015, Appellant filed *pro se* requests for copies of the trial transcript. However, neither request raised any claim for relief; instead, Appellant merely stated he desired the transcript to prepare a PCRA petition (without stating any particular claim) and simply to have a copy of the transcript for his personal records. The trial court did not rule on either of these requests.

of the PCRA, instead averring only that CO Zettle committed perjury because he lacked the proper training and education to testify about his medical diagnosis.

On January 21, 2016, the PCRA court appointed Justin P. Miller, Esquire, to represent Appellant. The Commonwealth filed an answer to the *pro se* PCRA petition, contending that Appellant filed the petition on December 21, 2015 (which was the date of the docket entry), and thus six days beyond the one-year filing deadline, and that none of the timeliness exceptions at 42 Pa.C.S.A. § 9545(b)(1) applied. Appellant then filed a *pro se* motion to proceed *pro se*, as well as various *pro se* motions for relief. On June 3, 2016, following a hearing, the PCRA court once again granted Appellant's request to proceed *pro se*, and on February 16, 2017, Appellant filed a *pro se* amended PCRA petition. While this petition was filed under the instant docket, Appellant's sole claim was that in Case 1981, the Commonwealth and the trial court improperly led him to believe that he did not have a right to file an appeal. Appellant again did not address the timeliness of his initial petition, despite the Commonwealth's argument that it was untimely.

On May 24, 2017, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's PCRA petition without a hearing, stating, without further explanation, that the petition was untimely. On June 12, 2017, Appellant filed a notice of appeal. On June 29, 2017, the court directed Appellant to file, within 21 days, a Pa.R.A.P. 1925(b) statement of matters

complained of on appeal. Having received no statement from Appellant, the court issued an order on July 26, 2017, suggesting that Appellant's failure to comply with its Rule 1925(b) order was a waiver of all claims. On August 1, 2017, Appellant filed a Rule 1925(b) statement, which invoked, for the first time, the prisoner mailbox rule.

On appeal, this Court initially noted that no final order disposing of Appellant's PCRA petition had been entered, and issued a rule to show cause as to why the appeal should not be quashed. Responding to our inquiry, the PCRA court filed an order denying the petition on August 10, 2017, and consequently, this appeal is now properly before us.[8] **See** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").

Appellant presents four issues on appeal:

(1) Did the Court of Common Pleas of Centre County err when it allowed the District Attorney to answer opposing the timely filing of the my Post Conviction Relief Act Petition and subsequently dismissed the petition, when the Prisoner Mail–Box Rule was not applied to the PCRA Petition?

2. Did the Court of Common Pleas of Centre County err when it allowed the Trial to commence against . . . me, knowing that I had just received the Discovery until two (2) days prior to trial and was not allowed to review the evidence prior to trial constituting "Trial by Ambush"?

3. Did the Court of Common Pleas of Centre County err when it

---

[8] The PCRA court did not issue a Pa.R.A.P. 1925(a) opinion.

- 6 -

allowed the Officer to give conflicting statements contrary to the facts and also allowed the Officer who is not licensed to give Medical Professional determinations to matters which conflict to expert medical facts constitute "Trial by Ambush"?

4. Did the Court of Common Pleas of Centre County err when it failed to take into consideration that I suffer from a mental health diagnosis "Post Traumatic Stress Disorder" when it allowed me to represent myself without knowledge of me being competent to represent myself?

Appellant's Brief at 4-5.

In his first issue, Appellant avers that the PCRA court abused its discretion and erred in falling to apply the prisoner-mailbox rule, and that under the rule, his petition was timely. While Appellant provides case authority explaining the rule, he does not present any explanation, with relevant dates. *See id.* at 10-11.

"Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error." *Commonwealth v. Brown*, 143 A.3d 418, 420 (Pa. Super. 2016). The PCRA's timely-filing requirements are mandatory and jurisdictional in nature. *Id.* "Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing." *Commonwealth v. Crawford*, 17 A.3d 1279, 1281 (Pa. Super. 2011). Our Supreme Court has further stated that "[t]he appellant bears the burden of proving that he or she in fact delivered the appeal within the appropriate time period," and that acceptable forms of proof include: a prison "cash slip" that indicates a deduction from an inmate's account for

postage and the date of the mailing; an affidavit attesting to the date of deposit with the prison officials; and evidence of internal operating procedures regarding mail delivery in the prison. *Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997).

As stated above, the one year-deadline for Appellant to file his petition was December 15, 2015, but the petition was not stamped as "filed" until December 18th. The Commonwealth correctly observes that Appellant did not provide any explanation of the pertinent dates that would support the application of the prisoner mailbox rule to his petition, *see* Commonwealth's Brief at 9, and we are cognizant that a petitioner bears the burden of "proving that he in fact **delivered** the appeal within the appropriate time period." *Jones*, 700 A.2d at 426. Nevertheless, an investigation as to when particularly Appellant furnished his petition to prison authorities for mailing was not necessary, as the date on the envelope's postage, December 15, 2015, fell within the PCRA's one-year filing period. *See Crawford*, 17 A.3d at 1281. Thus, under the particular facts of this case, we decline to find that Appellant waived his claim for relief under the prisoner mailbox rule.

We next consider the PCRA court's suggestion that Appellant's remaining issues are waived because he failed to file a timely Rule 1925(b) statement. Generally, "if an appellant fails to file a timely 1925(b) statement as ordered by the trial court, all issues will be waived for purposes of appellate review." *Commonwealth v. Hess*, 810 A.2d 1249, 1252 (Pa. 2002).

However,

for an appellant to be subject to waiver for failing to file a timely 1925(b) statement . . . the clerk of courts has a mandatory duty to furnish copies of the order to each party or their attorney. In reaching this conclusion, we relied on Pa.R.Crim.P. 114 . . . , which sets forth the obligations of the clerk of courts as follows:

Upon receipt of an order from a judge, the clerk of courts shall immediately docket the order and record in the docket the date it was made. The clerk shall forthwith furnish a copy of the order, by mail or personal delivery, to each party or attorney, and **shall record in the docket the time and manner thereof**.

[Pa.R.Crim.P. 114(A)(1). T]he word "shall" in Rule 114 [is] mandatory [and] leaves no question that the clerk's obligations are not discretionary.

*Id.* at 1252-53 (emphasis added). In **Hess**, our Supreme Court held that the appellant's untimely Rule 1925(b) statement did not result in waiver where, *inter alia*, the trial docket did not indicate the date and manner of service of the court's Rule 1925(b) order in violation of Pa.R.Crim.P. 114. **Hess**, 810 A.2d at 1254-55.

Here, the PCRA court issued an order on June 29, 2017, for Appellant to file a Rule 1925(b) statement within 21 days — by July 20, 2017 — but Appellant did not file a statement until August 1st, and the record does not include any request for additional time to file a Rule 1925(b) statement. However, we note the docket entry for the court's Rule 1925(b) order states:

| CP Filed Date | Document Date |
|---|---|
| 06/29/2017 | 06/28/2017 |

Concise Statement Order
[Commonwealth attorney's name]

- 9 -

        06/30/2017
        [Appellant's name]
        06/30/2017

Trial Docket at 16.

Even if we were to presume that the dates under each of the parties' names signified the date service of the order was made, we note the docket does not state the manner of service, as required by Rule 114. ***See*** Pa.R.Crim.P. 114. Additionally, the record does not include any certificate of service for the Rule 1925(b) order, which would indicate the date and manner of service. While we acknowledge that Appellant was incarcerated and thus, presumably, the court would have mailed the order to him, we note the mandatory nature of Rule 114 and thus decline to find waiver on the basis of an untimely Rule 1925(b) statement. ***See Hess***, 810 A.2d at 1254-55.

Nevertheless, we conclude that Appellant's issues are waived for other reasons. Appellant's second claim on appeal is that the trial court erred in conducting trial despite the fact Appellant had just received discovery two days earlier. His fourth claim is that the trial court erred in failing to determine whether he was competent to proceed *pro se* at trial, as it failed to consider he suffered from post-traumatic stress disorder. Neither of these issues were raised in Appellant's initial or amended PCRA petition, and thus they are waived from our review. ***See Commonwealth v. Washington***, 927 A.2d 586, 601 (Pa. 2007) (any claim not raised in the PCRA petition is waived and not cognizable on appeal). They are also waived because they could have

been raised on direct appeal. ***See Commonwealth v. Jones***, 815 A.2d 598, 607 (Pa. 2002) ("An issue is waived under the PCRA 'if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.' 42 Pa.C.S.[A.] § 9544(b).").

Appellant's remaining claim is that the trial court erred in allowing CO Zettle to testify about his medical condition when he was not a licensed medical professional and no medical report was entered into evidence. Although Appellant included this argument in his PCRA petition, it is waived because Appellant could have raised it on direct appeal. ***See Jones***, 815 A.2d at 607.

For the foregoing reasons, we find that Appellant has waived his claims and is therefore not entitled to relief. Accordingly, we affirm the order denying Appellant's PCRA petition.

Order affirmed.

Judge Bowes joins the memorandum.

Judge Platt concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/25/18

- 11 -