J-S03022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAUN DENNIS ROSARIO | : | |
| | : | |
| Appellant | : | No. 1236 WDA 2020 |

Appeal from the PCRA Order Entered June 25, 2019
In the Court of Common Pleas of Washington County
Criminal Division at No(s):  CP-63-CR-0001227-2011,
CP-63-CR-0001818-2011, CP-63-CR-0001821-2011

BEFORE:   LAZARUS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SULLIVAN, J.:                **FILED: MARCH 18, 2022**

Shaun Dennis Rosario appeals *pro se* from the order dismissing his first petition for relief filed pursuant to the Post Conviction Relief Act.[1]  We quash the appeal.

Given our disposition, a full recitation of the facts is unnecessary.  We briefly note that in 2013, following a consolidated jury trial involving multiple crimes charged at three separate dockets, a jury found Rosario guilty of crimes at two of the dockets.  The trial court imposed an aggregate sentence of seventeen to thirty-four years in prison.  This Court affirmed the judgment of sentence.  ***See Commonwealth v. Rosario***, 136 A.3d 1028 (Pa. Super.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

2016) (unpublished memorandum). Rosario filed a timely *pro se* PCRA petition. The PCRA court appointed counsel who filed a **Turner**/**Finley** "no merit" letter[2] and a petition to withdraw from representation. The PCRA court granted counsel's petition to withdraw and issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the PCRA petition without a hearing. Rosario filed a response to the Rule 907 notice. On June 25, 2019, the PCRA court entered an order dismissing Rosario's petition, and indicated therein that Rosario had thirty days from the date of the order to file an appeal.

On May 22, 2020, Rosario filed a *pro se* petition for extension of time in which to file a notice of appeal. Therein, he claimed that he did not receive a copy of the June 25, 2019 order dismissing his PCRA petition. In support of his claim, Rosario attached a copy of his prisoner mail log. The PCRA court determined that Rosario failed to provide sufficient evidence that he did not receive the June 25, 2019 order. In so ruling, the PCRA court noted that Rosario's mail log indicated that he received a certified mailing on June 27, 2019, two days after the PCRA court entered its dismissal order.[3] On this basis, the PCRA court denied Rosario's *pro se* petition for an extension of time in which to file his notice of appeal.

---

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] Rosario claims that the certified mailing he received on June 27, 2019, was a time-stamped copy of a document he requested from the court and not a copy of the PCRA court's June 25, 2019 order dismissing his petition.

Nevertheless, on October 29, 2020, Rosario filed a single notice of appeal listing all three docket numbers from his consolidated trial. This Court issued a rule to show cause why the appeal should not be quashed for the following reasons: (1) the appeal is untimely pursuant to Pa.R.A.P. 903(a) (providing that a notice of appeal shall be filed within thirty days after the entry of the order from which the appeal is taken); and (2) the notice of appeal was filed in violation of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (holding that an appeal must be quashed if an appellant fails to file separate notices of appeal at each docket number implicated by an order resolving issues that involve more than one trial court docket). In his response to the rule, Rosario pointed out that there is no indication on the court docket that he was served with a copy of the June 25, 2019 order dismissing his PCRA petition. He also claimed ignorance of the **Walker** decision and requested leave to comply with its dictates. This Court discharged the rule and referred these issues to this merits panel.

Our review of the certified record leads us to conclude that this appeal should be quashed, not because of a violation of **Walker**, but due to the absence of a final, appealable order. Pursuant to Rule 907:

> When [a PCRA] petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed. The order shall be filed and served as provided in [Pa.R.Crim.P.] 114.

Pa.R.Crim.P. 907(4).

- 3 -

Rule 114 sets forth the obligations of the clerk of courts. Among other obligations, the clerk must promptly serve each party with a copy of all court orders. **See** Pa.R.Crim.P. 114(B)(1). Additionally, the clerk shall promptly note on the docket the following information: (1) the date of receipt in the clerk's office of the court order; (2) the date appearing on the court order; and (3) the date of service of the court order. **See** Pa.R.Crim.P. 114(C)(2). Our Supreme Court has ruled that the clerk's obligations under Rule 114 are mandatory and may not be modified by local rules. **See Commonwealth v. Hess**, 810 A.2d 1249, 1253 (Pa. 2002) (holding that an untimely Pa.R.A.P. 1925(b) statement did not result in waiver where, *inter alia*, the trial court docket did not indicate the date and manner of service of the court's Rule 1925(b) order in violation of Rule 114).[4]

Pursuant to our appellate rules, "no order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court." Pa.R.A.P. 301(a)(1).[5] The thirty-day time period for appealing from a criminal order other than a judgment of sentence begins to run on the day that the

---

[4] In the instant matter, the clerk of courts informed Rosario that its practice was to "hand write 'copies to' on the back of every document that gets distributed," rather than to enter the date of service on the court docket. Clerk of Courts Letter, undated, at 1. This practice is in direct violation of Rule 114. Moreover, no "copies to" information was written on the back of the PCRA court's June 25, 2019 order dismissing Rosario's petition.

[5] Rule 301(a)(1) provides one exception which is not herein applicable.

order is served on the parties by the clerk of courts. **See** Pa.R.A.P. 108(a)(1), (d).

Here, the PCRA court's June 25, 2019 order dismissing Rosario's petition has not been properly entered on the docket. The docket entry for the order contains no indication that the order was served on Rosario pursuant to Rule 114, as required by Rule 907(4). Moreover, there is no notation of the date or manner in which such service was made to Rosario in accordance with Rule 114(C)(2). **See Hess**, 810 A.2d at 1253.

Accordingly, we quash this appeal as premature. After the clerk of courts serves the order dismissing Rosario's PCRA petition and notes the date and manner of such service on the docket as required by Rule 114(C), Rosario will have thirty days from the date of service to timely file separate notices of appeal at each docket implicated by the order.

Appeal quashed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/18/2022