J-S41024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYYA M. BARNES | : | |
| | : | |
| Appellant | : | No. 326 MDA 2022 |

Appeal from the PCRA Order Entered September 9, 2021
In the Court of Common Pleas of Dauphin County
Criminal Division at CP-22-CR-0002483-2013

BEFORE: LAZARUS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.: **FILED: JANUARY 4, 2023**

Tyya M. Barnes (Appellant) appeals *pro se* from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In June 2014, a jury convicted Appellant of second-degree murder, robbery, conspiracy, and carrying a firearm without a license. On June 12, 2014, the trial court sentenced Appellant to life in prison. Appellant filed a direct appeal, and this Court affirmed his judgment of sentence on September 8, 2017. **Commonwealth v. Barnes**, 178 A.3d 146 (Pa. Super. 2017) (unpublished memorandum). Appellant did not petition the Pennsylvania Supreme Court for allowance of appeal.

_____

[*] Former Justice specially assigned to the Superior Court.

Appellant subsequently filed a timely first PCRA petition. The PCRA court denied relief on January 16, 2020, and Appellant appealed. This Court affirmed the denial of relief on January 5, 2021. *Commonwealth v. Barnes*, 248 A.3d 460 (Pa. Super. 2021) (unpublished memorandum).

Appellant filed the underlying *pro se* PCRA petition, his second, on May 17, 2021. Appellant claimed

> after-discovered evidence that had a jury had notice of[,] would have at the time of [Appellant's] trial[,] questioned not only an unnatural relationship between a prosecutor and an unreliable witness[,] but also left reasonable doubt concerning the credibility of a witness who falsely testifies for favorable treatment.

PCRA Petition, 5/17/21, at 8.

On July 20, 2021, the PCRA court issued notice of intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. *See* Order, 7/20/21 (PCRA court stating it was "satisfied from its review of the record in this case that [Appellant] is not entitled to post-conviction collateral relief as this [c]ourt is without jurisdiction to hear the instant PCRA petition"). The PCRA court dismissed the petition on September 9, 2021. Appellant filed this *pro se* appeal. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement.

**Timeliness of Appeal**

On March 16, 2022, this Court issued a rule to show cause directing Appellant to address the timeliness of his appeal. Order, 3/16/22, citing Pa.R.A.P. 903(a) (notice of appeal must be filed within 30 days of the entry of

the order being appealed).  Appellant responded that he did not timely receive the September 9, 2021, order, but filed his appeal "immediately after" he learned about it, "dating [the notice of appeal] October 13, 2021, to show due diligence."  Response, 3/28/22, at 2.  On April 11, 2022, this Court discharged the rule and deferred the issue to this merits panel.

The PCRA court addressed the late filing as follows:

> The date stamp on the instant Notice or Appeal received by this [c]ourt indicates that the Notice of Appeal was received and filed in the Dauphin County Clerk of Court's Office on February 16, 2022.  However, the Notice of Appeal was dated October 13, 2021. It is unclear to this [c]ourt why the Clerk of Court's Office did not receive the Notice of Appeal until February 16, 2021.  Appellant claims that he did not receive the Final PCRA Dismissal Order until October 13, 2021, and according to Appellant this is why the date on his Notice of Appeal is more than 30 days past the issuance of the September 9, 2021, Order he is appealing.

Statement in Lieu of Pa.R.A.P. 1925(a) Opinion, 2/28/22, at 1 n.1.

Our review reveals a notation at the bottom of the September 9, 2021, order indicating that a copy was mailed to Appellant in prison.  However, the trial court docket does not show that the order was served on Appellant as required by Pa.R.Crim.P. 114(B)(1) ("A copy of any order or court notice promptly shall be served on each party's attorney, or the party if unrepresented.").  Rule 114(C) requires criminal docket entries to contain, *inter alia*, "the date of service of the order or court notice."  Pa.R.Crim.P. 114(C)(2)(c).  Rule 907(4) provides that when the PCRA court dismisses a petition, the order "shall be filed and served as provided in Rule 114."

Pa.R.Crim.P. 907(4); *see also Commonwealth v. Hess*, 810 A.2d 1249, 1253 (Pa. 2002) (stating "the language of [Pa.R.Crim.P. 114] leaves no question that the clerk's obligations are not discretionary"); *In re L.M.*, 923 A.2d 505, 509 (when "there is no indication on the docket" of notice, "then the appeal period has not started to run"). Accordingly, we consider this appeal to be timely.

## Issues

Appellant presents the following issues for review:

1.) WHETHER THE PCRA COURT ABUSED THEIR DISCRETION AND/OR ERROR OF LAW DENYING APPELLANT'S RIGHTS TO FEDERAL AND STATE DUE PROCESS BY DISMISSING HIS PCRA PETITION AS UNTIMELY WITHOUT AN EVIDENTIARY HEARING.

2.) WHETHER THE PCRA COURT ABUSED THEIR DISCRETION AND/OR ERROR OF LAW DISMISSING APPELLANT'S PCRA PETITION AS BEING "PRESENTED ... WITHOUT MERIT" WHERE A CLEAR **BRADY** VIOLATION TOOK PLACE AT APPELLANT'S TRIAL, VIOLATING HIS RIGHT TO A FAIR TRIAL AND DUE PROCESS WHICH IS GUARANTEED BY THE PENNSYLVANIA AND FEDERAL CONSTITUTION.

3.) WHETHER APPELLANT MEETS AN AFTER-DISCOVERED EVIDENCE CLAIM.

Appellant's Brief at 3.

In reviewing the PCRA court's dismissal of Appellant's petition, we examine "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified

- 4 -

record." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). In addition:

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

***Commonwealth v. Blakeney***, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

## Timeliness of Appellant's Second PCRA Petition

We consider the timeliness of Appellant's PCRA petition because it implicates jurisdiction. ***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa. Super. 2014). All PCRA petitions, including second and subsequent petitions, must be filed within one year of when the petitioner's judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Because the PCRA's timeliness requirements are jurisdictional, a court may not address the merits of issues if the petition was not timely filed. ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017).

Appellant *pro se* filed the underlying PCRA petition on May 17, 2021. This Court had affirmed Appellant's judgment of sentence on September 8, 2017, and he did not seek allowance of appeal with the Pennsylvania Supreme Court. **See** Pa.R.A.P. 1113 (petition for allowance of appeal shall be filed with the Pennsylvania Supreme Court within 30 days of the entry of the Superior Court order). Thus, Appellant had until October 8, 2018, to file a timely PCRA petition. As his petition filed May 17, 2021, was untimely, Appellant had to plead and prove an exception enumerated in 42 Pa.C.S.A. § 9545(b)(1).

The PCRA time bar may "only be overcome by satisfaction of one of the three statutory exceptions codified at Pa.C.S.A. § 9545(b)(1)(i)-(iii)." **Spotz**, 171 A.3d at 678. The exceptions are: "(1) interference by governmental officials in the presentation of the claim; (2) newly-discovered facts; and (3) an after-recognized constitutional right." **Commonwealth v. Brandon**, 51 A.3d 231, 233-34 (Pa. Super. 2012). A petitioner invoking an exception must do so within one year of when the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

The PCRA court explained:

> [Appellant] does not expressly name a statutory provision that should apply to his case. Assuming [Appellant] wants Subsection (ii) to apply to his case, we ask when it is that he could have presented the claim. The newly discovered evidence that [Appellant] bases his claim on is the case **Commonwealth v. Larry Trent Roberts**, 2018 Pa. Super. Unpub. LEXIS 3781. In that decision, filed October 10, 2018, the Pennsylvania Superior Court affirmed an order in which the Criminal Division of the Court of Common Pleas of Dauphin County granted Larry Trent Roberts a new trial pursuant to his PCRA petition. That decision revealed

that a witness in that case … had, after the trial, recanted his testimony. This witness, Layton Potter, was also a witness at [Appellant's] trial. If an exception could be made based on this decision which was filed October 10, 2018, the one-year time bar would begin to run on that date, and [Appellant] would need to have filed [his petition] by October 10, 2019. At the time the **Roberts** decision was filed, [Appellant] had recently submitted his first PCRA petition (filed September 12, 2018). That initial PCRA petition was not dismissed until January 16, 2020. [Appellant] could have amended his PCRA petition to include the discovery of this previously unknown fact (Layton Potter's recantation). [Appellant] did not do this and therefore his petition is untimely.

PCRA Court Memorandum Order, 7/20/21, at 4.

Appellant has failed to overcome the PCRA's time bar.[1] To be eligible for relief on a claim of after-discovered evidence, a petitioner must plead and prove by a preponderance of the evidence "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S.A. § 9543(a)(2)(vi). In addition,

[an] appellant must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

---

[1] We further agree that the **Roberts** case is distinguishable, where the defendant received a new trial based on trial counsel's ineffectiveness in failing to call a witness to support the defendant's alibi defense. **Commonwealth v. Roberts**, **supra**, at *9; **see also** PCRA Court Memorandum Order, 7/20/21, at 5.

*Commonwealth v. Foreman*, 55 A.3d 532, 537 (Pa. Super. 2012),

citing *Commonwealth v. Pagan*, 950 A.2d 270, 292 (Pa. 2008), *cert.*

*denied*, 555 U.S. 1198 (2009).

> In his brief, Appellant
>
> asserts the knowledge of [Layton] Potter's willingness to testify for favorable treatment and even recreational purposes was at all times in the sole possession and control of [the prosecutor] and was not otherwise available to Appellant and trial counsel. Once again, the undisclosed evidence is that [] in 2013 (before Appellant's trial)[,] the [C]ommonwealth witness (who was testifying against Appellant) had just in another defendant's case recanted[,] alleging the prosecutor (the same one trying Appellant) coerced him into testifying to motive in 2007, in exchange for favorable treatment.

Appellant's Brief at 15-16.

Appellant has failed to plead and prove that Layton Potter's role in

*Roberts* constituted "exculpatory evidence that has subsequently become

available and would have changed the outcome of the trial if it had been

introduced." 42 Pa.C.S.A. § 9543(a)(2)(vi).[2]

---

[2] Further, the PCRA court observed "there was other evidence besides Layton Potter's testimony upon which the jury could base its verdict." PCRA Court Memorandum Order, 7/20/21, at 5, citing *Commonwealth v. Barnes*, 178 A.3d 146 (Pa. Super. 2017) (unpublished memorandum at *1-3) (describing fired shell casings recovered by police, telephone records and video footage connecting Appellant and the victim, and testimony from other witnesses (besides Layton Potter)).

For the above reasons, the PCRA court did not err in dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/4/2023