J-S06028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DONNELLY JOSEPH LEBLANC | : | |
| | : | |
| Appellant | : | No. 1051 MDA 2022 |

Appeal from the PCRA Order Entered May 13, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0003488-2008

BEFORE: STABILE, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:         **FILED: MARCH 22, 2023**

Appellant Donnelly Joseph LeBlanc appeals *pro se* from the order denying his third Post Conviction Relief Act[1] (PCRA) petition as untimely. Appellant argues that the PCRA court erred in denying his petition without a hearing. We affirm.

We adopt the facts and procedural history set forth in the PCRA court's opinion. **See** PCRA Ct. Op., 9/21/22, at 1-7. Briefly, Appellant was convicted of involuntary deviate sexual intercourse and related charges for sexually assaulting a minor victim multiple times in 2008. On December 28, 2009, Appellant was sentenced to an aggregate term of twenty-five to fifty years' incarceration. On direct appeal, this Court affirmed Appellant's judgment of

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

sentence and our Supreme Court denied further review. **See Commonwealth v. LeBlanc**, 165 MDA 2010, 2010 WL 6795737 (Pa. Super. filed Nov. 1, 2010) (unpublished mem.), *appeal denied*, 23 A.3d 541 (Pa. 2011). Appellant subsequently filed a timely first PCRA petition in 2011, followed by an untimely second petition in 2013, both of which were denied by the PCRA court. This Court affirmed the PCRA court's denial of both petitions on appeal. **See Commonwealth v. LeBlanc**, 2127 MDA 2014, 2015 WL 6663637 (Pa. Super. filed Sep. 2, 2015) (unpublished mem.); **Commonwealth v. LeBlanc**, 548 MDA 2016, 2016 WL 7422767 (Pa. Super. filed Dec. 23, 2016) (unpublished mem.).

Appellant filed the instant *pro se* PCRA petition, his third, on December 16, 2021. The PCRA court issued an order dismissing Appellant's petition on May 13, 2022.[2] Appellant subsequently filed a notice of appeal[3] and a court-

---

[2] We note that the PCRA court failed to issue a Pa.R.Crim.P. 907 notice before denying relief. However, a PCRA court's failure to issue a Rule 907 notice is not reversible error where the record is clear that the petition is untimely. **See Commonwealth v. Zeigler**, 148 A.3d 849 (Pa. Super. 2016); **Commonwealth v. Taylor**, 65 A.3d 462 (Pa. Super. 2013). Here, because Appellant's petition is clearly untimely, the PCRA court's failure to comply with Rule 907 does not entitle him to relief.

[3] We note that the PCRA court entered an order denying Appellant's PCRA petition on May 13, 2022. Therefore, Appellant had thirty days, or until June 13, 2022, in which to file a timely notice of appeal. **See** Pa.R.A.P. 903(a). Appellant filed his notice of appeal on July 26, 2022, making it facially untimely. However, our review of the record reveals that the docket entry for the May 13, 2022 order denying Appellant's PCRA petition does not contain a notation regarding service of the order on Appellant. **See** Pa.R.Crim.P. 114(C)(2)(c) (providing that trial court criminal docket entries shall contain, *(Footnote Continued Next Page)*

ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued a Rule 1925(a) opinion reiterating that Appellant's petition was untimely and declining to address his substantive claims.

On appeal, Appellant raises the following issues for review:

1. The [PCRA court's] refusal to disqualify itself is contrary to and in conflic[t] with clearly established state and federal law and the Constitution.

2. The [PCRA court's] denial, without notice, of post-conviction [relief] is contrary to and in conflict with clearly established state and federal law and the Constitution.

3. The [PCRA court's] denial of post-conviction [relief] without hearing is contrary to clearly established state and federal law, the Constitution and, based upon an unreasonable determination of the facts and documents presented.

4. The [PCRA court] abused its discretion as a matter of law in issuing a [Rule] 1925(b) [o]rder requiring Appellant to include a "developed supporting argument" in his statement of matters complained of on appeal.

---

*inter alia*, "the date of service of the order or court notice"); ***see also Commonwealth v. Hess***, 810 A.2d 1249, 1253 (Pa. 2002) (noting that Rule 114's language leaves no question that trial court clerk's obligations regarding docket entries are not discretionary); ***In re L.M.***, 923 A.2d 505, 509 (interpreting similar civil rule, Pa.R.Civ.P. 236, and holding that where there is no indication on trial court docket that notice has been given, appeal period has not started to run).

Moreover, we note that the order denying Appellant's PCRA petition appears to have only been served on Appellant's prior counsel. Because the record fails to indicate when Appellant was served with the order denying his PCRA petition, we conclude there was a breakdown in the court's operation and decline to quash the appeal. ***See Commonwealth v. Braykovich***, 664 A.2d 133 (Pa. Super. 1995) (noting that this Court may permit enlargement of the filing period in extraordinary circumstances, such where there was a breakdown in the processes of the court).

5. The [PCRA court's] failure to file an opinion pursuant to Pa.R.A.P. 1925(a)(1) is contrary to clearly established law, a violation of the Constitution and, an ambush, sandbagging the parties in litigation.

6. The [PCRA court's] dismissal of [Appellant's PCRA petition] without opportunity for amendment is contrary to clearly established law, the reasoning set forth in the district court opinion and, in violation of the Constitutions of this state and the United States.

Appellant's Brief at 2 (some formatting altered).

Our review of the denial of PCRA relief is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (citation omitted).

"[T]he timeliness of a PCRA petition is a jurisdictional requisite." **Commonwealth v. Brown**, 111 A.3d 171, 175 (Pa. Super. 2015). A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless the petitioner pleads and proves one of three statutory exceptions. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final for PCRA purposes "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

It is the PCRA petitioner's "burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Albrecht**, 994 A.2d 1091, 1094 (Pa. 2010) (citation omitted and some formatting altered). If a

petition is untimely, and none of the timeliness exceptions are met, courts do not have jurisdiction to address the substance of the underlying claims. *Commonwealth v. Cox*, 146 A.3d 221, 227 (Pa. 2016).

Here, Appellant's judgment of sentence became final on September 5, 2011, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal and the time for filing a petition for writ of *certiorari* in the United States Supreme Court expired.  *See* 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13.  Accordingly, Appellant had until September 5, 2012, to file a timely PCRA petition.  *See* 42 Pa.C.S. § 9545(b)(1).  Appellant's instant PCRA petition, filed on December 16, 2021, is therefore facially untimely.  In his brief, Appellant does not claim that the instant petition is timely, nor does he attempt to invoke any of the PCRA's timeliness exceptions.  *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii).  Instead, Appellant raises various claims concerning errors by the PCRA court, argues that he cannot prove that he met a timeliness exception without a hearing, and claims that his failure to invoke a timeliness exception was a "defect" which required the PCRA court to provide him with opportunity to amend his petition.  *See* Appellant's Brief at 7-18.

Because Appellant's petition is facially untimely and Appellant neither pled nor proved a timeliness exception under the PCRA, he has failed to meet the jurisdictional threshold for a court to consider the merits of his claims. *See Cox*, 146 A.3d at 227; *see also Brown*, 111 A.3d at 175.  Therefore, the PCRA court correctly concluded that it did not have jurisdiction to review

the merits of Appellant's petition.  **_See Lawson_**, 90 A.3d at 4.  Accordingly, we affirm.

      Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/22/2023</u>